**MOORE et al. v. DUNCAN, Trustee.**

EQUITY—*Will not grant relief, when remedy at law.*—Where a party has a full, adequate and complete remedy at law, he cannot seek relief in a court of Equity.

APPEAL FROM ASHLEY CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*English & English,* for Appellants.

Tunstill was in possession of the land, and there was no-thing to hinder Duncan, the appellee, from bringing eject-ment. According to the allegations of the bill, the appellee had an ample remedy at law, and no right to go into equity. *See Danley vs. Byers,* decided at present term.

*Gallagher, Newton & Hempstead,* and *John Carroll,* for Appellee.

The appellants mistook their remedy in attempting to seize

this trust fund through a process from a law court. It should have been attempted only in equity. *Pope vs. Boyd*, 22. *Ark.*, 535. *Biscoe vs. Royston*, 18. *Ark.*, 508. *Pettit vs. Johnson*, 15. *Ark.*, 55. 4. *Kent's Com., Marg., p.* 303. *Hill on Trustees, Marg., p.* 229. *Trusts and Trustees, by Tiffany & Bullard*, 772.

Since then the property in the hands of a trustee cannot be reached by an execution at law, on a judgment against the *cestui que trust*, it is clear that the appellants, holding under such a sale, have no title whatever; and therefore the decree of the Circuit Court, declaring the sale void, is correct, and should be respected and affirmed by this court.

GREGG, J.—This is a complaint in equity, brought by the appellee against the appellants, to the March term 1870, of the Ashley Circuit Court.

The bill alleges that William P. Duncan, in July 1864, conveyed to James G. Duncan 440 acres of land, and certain personal property in trust. That afterwards, and without the trustee's knowledge, the appellants, Moore and Rolfe, obtained judgments, before a Justice of the Peace, against said William P. Duncan; had executions issued and returned "*nulla bona*," and transcripts filed in the office of the Circuit Clerk of said county, and other executions, issued by said clerk, were levied upon said lands, and they were, by the sheriff, advertised and sold, as the property of William P. Duncan, and bid in by Moore and Rolfe, who afterwards sold and conveyed to Tuntstill. That all the defendants had full notice of the deed of trust and the title in the complainant; that the defendants had wrongfully entered into possession of the lands and received large profits, more than the amount of their judgments, which judgments the plaintiff offered to pay, if found just, and he prayed that the deeds from the sheriff to Moore and Rolfe and from them to Tuntstill, be cancelled, and that they be required to account for rents, and that possession be delivered to him, etc. The defendants appeared and demurred to the bill; the court sustained the

demurrer, and the complainant filed an amended bill to the effect above stated, to which the defendants likewise demurred, but, upon the hearing, the court overruled their last demurrer and they excepted and declined to make any further response. Whereupon the cause was heard upon the bill, amended bill and exhibits, and the court decreed that the sale made by the sheriff be set aside, and the deeds to the defendants cancelled and held for naught, and that the plaintiff recover possession of the lands; that a writ issue, etc., and that defendants pay costs. From which decree the defendants there appealed to this court.

In the case of *Byers et al. vs. Danley*, decided at the present term of this court, through his Honor, Justice Bennett, this court said: "It is a maxim of equity jurisprudence, of universal application, that where a party has a full, adequate and complete remedy at law, he cannot seek relief in a court of equity," etc. See *Memphis & Little Rock Railroad Co. vs. Wm. E. Woodruff*, at same term.

In the case under consideration, the appellee not only sets up a legal title in himself, but he alleges that he has nothing but a legal title; that the equitable estate is in another, and he holds but a naked legal title; hence, his claims are especially cognizable in a court of law. According to his own exhibits, if a recovery is had in his own name, and it is thus he sues, it must be on purely a legal title.

He charges the appellants with wrongful and illegal possession of the lands, and he prays that they be ousted and the lands restored to him, his title cleared, etc.

Litigants have a constitutional right to have such facts tried by a jury of their countrymen, and it seems to us he should be remitted to a court of law, there to determine his right of possession, and that the court below erred in not sustaining the demurrer to his complaint.

The decree is reversed and the cause remanded with directions to sustain the demurrer and dismiss the bill for want of equity.