State vs. Belden.

## No. 8864.

### The State of Louisiana vs. Robert L. Belden.

Section 119, Revised Statutes, is a penal but not a criminal statute.

An attorney-at-law falls within the category of persons named in Sec. 905 Rev. Stats., and is sufficiently described in an indictment as an attorney.

An attorney who has wrongully used or disposed of money collected for his principal may be convicted of embezzlement, even though he acknowledged its receipt.

This Court will not review the ruling of the Judge on a motion for a new trial, on the ground of newly discovered evidence, in absence of a bill of exceptions bringing up the ruling and the evidence. 32 An. 842.

APPEAL from the Criminal District Court for the Parish of Orleans. *Luzenberg*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*R. L. Belden, propria persona.*

The opinion of the Court was delivered by

Fenner, J. The defendant appeals from a conviction of embezzlement.

The Judge was asked to charge as follows: " if the attorney duly acknowledge the receipt of money, he cannot be convicted of embezzling it, however he may appropriate it to his own use." He refused to give this charge and told the jury : " the reverse of the proposition so stated is the law, that if the attorney should wrongfully and fraudulently dispose of the money collected by him for his principal, he would be guilty of embezzlement, even if he did acknowledge its receipt." These rulings were excepted to and are assigned as errors. They are manifestly correct. Embezzlement is a statutory offense, established by Section 905, Revised Statutes, a reference to which is sufficient to show that it fully supports the charge of the Judge.

Under a simular statute in Massachusetts, it was held, that " to constitute the offense, it is not necessary there should be a demand for the money alleged to be embezzled, or a denial of its receipt, or any false account, or false statement or false entry, or refusal to account." Com. vs. Tuckerman, 10 Gray, 173.

The statute there used the words : " if any officer, clerk, etc., shall embezzle or fraudulently convert to his own use, or shall take and secrete with intent to embezzle or convert, etc."

The Court said: " the several circumstances above mentioned do not in fact constitute any part or element of the offense. They are facts and circumstances admissible in evidence as bearing upon the question of a fraudulent intent, but for all other purposes they are

wholly immaterial." Id. p. 208. Our statute reads : " Any   *   *   *
attorney   *   *   *   who shall wrongfully use, dispose of, conceal or
otherwise embezzle, etc."

Either of these alternative clauses constitutes a crime denounced by
the statute, the word " wrongfully " applying to each ; and, as in the
Massachusetts cases, the circumstances of denial or acknowledgment
of receipt, is not an element of the offense, but merely material as
affecting the question of wrongful intent.   See Bishop on Stat. Crimes,
Sec. 383 ; Bishop on Crim. Law, Sec. 373.

The various grounds of the motion in arrest of judgment are without
merit.   An attorney-at-law unquestionably falls within the category
of persons named in the Statute ; and Section 119, Revised Statutes,
under which it is said the indictment should have been framed, is not
a criminal Statute.

The other objections to the form of the indictment, viz : 1st, that it
was not enough to state that defendant was an attorney, but it should
have been averred that he was an *attorney-at-law;* 2d, that the indict-
ment did not show from whom the money was received ; 3d, defective
description of the money alleged to have been embezzled, have no
merit.   See Rev. Stats., Secs. 1064, 906, 1049, 1061.

The assignment of errors filed in this Court substantially repeats
hose already ruled on.

The question as to whether the evidence established that defendant
withheld the money under a claim of right to do so, is not within our
cognizance.   No question of law on that subject is presented by the
record.   The same observation applies to the circumstance alleged,
that the prosecuting witness had instituted a civil proceeding for the
recovery of the money.

. It only remains to consider the motion for a new trial, on the ground
of new discovered evidence.   We may dispose of this by a simple quo-
tation from one of our own decisions : " In the instant case, both the
evidence and the overruling of the motion for a new trial are in the
record ; but as the matters urged as grounds for a new trial, are not
presented in the form prescribed by long existing jurisprudence, (viz :
by bill of exceptions), we do not feel authorized to pass upon the
same, and, therefore, cannot disturb the refusal complained of."   State
vs. Nelson, 32 An. 842.

After a careful study of all points made, we can find no error author-
izing a disturbance of the judgment and sentence herein.

Judgment affirmed.