## No. 9108.

### FRED. EYLE VS. THE ROMAN CATHOLIC CHURCH, ETC.

### And THE SOCIETY OF THE ROMAN CATHOLIC CHURCH VS. FRED. EYLE.

Matured notes growing out of the same transaction, in the hands of the same creditor against the same debtor, constitute but one debt.

Payments made after maturity of such notes, are imputable to the entire debt.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburn*, J.

*Read & Goodale* for Plaintiff and Appellee.

*Favrot & Lamon* for Defendant and Appellant,

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff, at first, proceeded *via executiva*, for the collection of four notes secured by vendor's privilege and special mortgage.

Upon injunction, attacking the proceedings and pleading payment of the first matured note and prescription of the remaining three, the plaintiff changed the executory into ordinary proceedings, praying for judgment for the amount of the notes, with interest, less certain credits attorney's fees, with privilege and mortgage.

From a judgment in his favor the defendant corporation appeals.

The four notes are all dated October 8, 1873, each for $1794 30 with eight per cent interest from September 6, 1873, till payment, are made payable respectively at six, twelve, eighteen and twenty-four months.

The plaintiff credits them with several amounts, part of which was received *prior* to the maturity of the note last falling due ($208 75), the other sums being received *subsequently*, $1903 20, forming a total of $2111 95.

The evidence shows that the different amounts there credited, were realized and paid by a society which had undertaken, voluntarily, to pay the debt and which had been organized by one who had been authorized by the legal representative of the defendant corporation to do his best to extinguish the debt.

But, however this may be, the corporation has ratified those payments by pleading that they have been improperly imputed and that had they been properly credited, they would appear to have extinguished the note first maturing, due on April 8-11, 1874.

There is nothing to show that when those payments were made, they were to be imputed in any particular manner, by consent of parties. The payments made between the maturity of the first note and that of the last, were quite small, and as they were absolutely insufficient to extinguish the interest and capital of the first note due, they were properly imputed to the partial payment of the interest due on the three notes, matured at the time.

It is not correct to say, that the other amounts which were paid *after* the maturity of the last note, should have been applied to the extinguishment of the first matured note,

When those amounts were received, the four notes had matured and they constitute one and the same debt, growing out of one and the same transaction, in the hands of one and the same creditor, against one and the same debtor. 9 A. 455; 13 A. 294; 4 A. 509; 3 R. 361; 3 A. 352; 6 N. S. 113; R. C. C. 2164.

Payment having been made before prescription had accrued on any of the notes, it unquestionably interrupted it and maintained the debt in its integrity.

We find no error in the judgment appealed from, which is affirmed, with costs.