State vs. Walker.

## ON APPLICATION FOR REHEARING.

## No. 9420.

### THE STATE OF LOUISIANA VS. JAMES WALKER.

If a mortal blow is unlawful and malicious, and death ensues, the perpetrator is guilty of murder, whether he intended or not to kill, as he is responsible for the effects of such blow, though he did not intend to kill.

The intent need not be proved, as a matter of *fact.*    It may be presumed, or inferred from the circumstances of the transaction.

A motion for a new trial, on the ground of misconduct of the jury, when unaccompanied by a bill of exception setting forth the facts, cannot be considered.

A motion in arrest, based solely on a charge of error against the decree refusing such motion for new trial, on the ground that it is contrary to law and evidence, is not entitled to notice.

APPEAL from the First District Court, Parish of Caddo. *Hicks*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee:

1.    Malice is evil intent.    Wharton Cr. Law, § 106.

2.    The intent to do enormous or severe bodily harm, followed up by homicide, is murder.    Wharton Cr. Law, § 315.

State vs. Walker.

3. Objections urged in a motion for a new trial, based upon the alleged misconduct of the jury, should be embodied in a bill of exceptions. 36 Ann. 310; 31 Ann. 804; 31 Ann. 1171; 25 Ann, 418; 20 Ann, 389, 402,

*M. S. Crain*, District Attorney:

1. Death ensuing immediately after a mortal blow, the law presumes *intent*. 2 Bish. Cr. L. §§ 689–679.

2. An actual intent is not necessary to constitute murder. 2 Bish. Cr. L. §§ 670–676.

3. The probable consequences of the act presumes intent. 1 Bish. Cr L. § 735.

Defendant and Appellant unrepresented in this Court.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant appeals from a sentence of death passed on him on a prosecution and conviction of murder.

The record contains a bill of exception, a sworn motion for a new trial and another in arrest of judgment.

The bill recites as follows:

"The jury had retired for deliberation and returned into open court for instruction, and the foreman of the jury, Mr. W. E. Maples, stated to the court that one of the jury was not content, on the ground that, though satisfied that accused struck the blow which caused death, he was not satisfied that accused intended to kill; whereupon, his honor, Judge A. W. O. Hicks, presiding, briefly and distinctly charged the jury that 'when a blow is struck and death ensues, it is murder, and the intention has nothing to do with it;' and whereupon the foreman instantly delivered into court an unqualified verdict of 'guilty of murder, as charged.'

"To which instruction or special charge defendant, by his counsel, instantly objected as contrary to the law or laws of Louisiana governing the case, and as depriving the jury of their capacity and jurisdiction to discriminate between excusable and felonious homicide, which points of objection were overruled by the court."

The district judge did not concur in this statement. He added:

"The above statement of the *inquiry* made by the juror and the instructions given by the court is not correct. The juror stated to the court that all the jury save one was ready to return a verdict of guilty of murder. That one juror was satisfied that defendant killed Cates, and that the killing was malicious, but was not satisfied that defendant intended to kill him and desired instructions on that point. The court did not tell the jury where a blow is struck and death ensues it is murder, and the intention has nothing to do with it. . ..    '. .

"The court did charge the jury in answer to the juror, that the intent to kill was not necessary in the case, had nothing to do with the case.

"That the defendant was presumed to have intended the natural and probable consequences of his act. 1 Bish. § 735; 12 Ann. 628. If a mortal blow is unlawful and malicious, and death ensues, the perpetrator is guilty of murder; whether he intended to kill or not, he is responsible for the effects of such willful and malicious blow, although he did not intend to kill. 2 Bish. Cr. L. §§ 689, 679."

The district judge simply meant, and said, that *intent* need not be *proved as a fact;* that it might be presumed or inferred.

Those charges are sustained by the authorities to which reference is made, and by others besides. Wharton C. L. §§ 106, 107, and notes 112; note to §§ 107, 313, 315; 30 Mich. 16, Weller vs. People.

The motion for a new trial on the ground of misconduct of the jury, is unaccompanied by any bill of exception with annexed evidence.

That, in arrest of judgment, is based on the ground that the judgment overruling the motion for a new trial is contrary to law and evidence.

It is sufficient to say that no showing is made justifying a review of the rulings of the district judge on those motions.

Judgment affirmed.