State vs. Deas.

## No. 9744.

### THE STATE OF LOUISIANA VS. ED. DEAS.

The Supreme Court will not consider evidence submitted by the accused in a criminal case, in support of a motion for a new trial, unless said evidence be embodied in, or otherwise made part of, a bill of exceptions reserved by the defendant to the refusal of a new trial by the judge.

This Court cannot consider a complaint of alleged misconduct of an officer in charge of jury, not previously submitted to the trial judge and suggested for the first time on appeal, and by brief or argument.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess*, J.

*M. J. Cunningham*, Attorney General, and *L. D. Beale*, District Attorney, for the State, Appellee:

The ruling of the trial judge upon the competency of a juror who did not serve upon the jury in a case in which the peremptory challenges were not exhausted, will be reviewed on appeal.

A juror is competent who swears on his *voir dire* that, notwithstanding his previous impressions, "his opinion would readily yield to the evidence if different from what he had heard, and that he could give the accused a fair and impartial trial."

When accused is on trial for perjury committed in a former case, evidence of threats and intimidation on his part to influence or prevent evidence contrary to his own, is admissible in the instant case as tending to show that the perjury in the former case was willful and corrupt.

The action of the trial judge in overruling a motion for new trial will not be reviewed unless a regular and former bill of exceptions thereto is taken. The statement appended to the motion and signed by the judge, that counsel excepted and tenders his bill, will not suffice.

Evidence taken on the trial of a motion for new trial will not be noticed unless embodied in a regular formal bill of exceptions, actually or by reference as part thereof, although it may be in the record.

A juror will not be heard as a witness to impeach the finding of the jury of which he was a member, by showing misconduct on part of himself or fellows, or the unusual means by which they agreed to a verdict.

A juror has the right to influence the action of his fellows by all fair arguments and reasoning, and give them the benefit during their deliberations of all the information he may have bearing upon the case.

It is not a "separation," or misconduct, such as to vitiate a verdict, for the foreman to advance to the stand and ask the judge a question in open court, although it is more regular to ask all instructions from the box—particularly when the explanation of the judge shows that the question and answer were not unfavorable to the interest of the accused. 4 L. 27; 23 Ann. 148; 8 R. 590; Thompson & Merriam on Juries, § 362, No. 2, p. 429, § 355, p. 423

*E. W. Robertson* and *K. A. Cross* for Defendant and Appellant:

Any private communication whatever between the judge and any member of the jury, after the jury had retired to consider their verdict, vitiates the finding. Thompson & Merriam on Juries, sec. 355, and cases cited. A judge is not authorized to give jurors separate and private instructions out of the hearing and without the knowledge of counsel on both sides. State vs. Frisby, 10 Ann. 144; Thompson and Merriam, sec. 357.

The mere presence of an officer of court at deliberations of the jury, and conversation about the case, invalidates the verdict.   Thompson and Merriam, sec. 362.

The opinion of the Court was delivered by

POCHÉ, J.   The record contains numerous grounds of complaint by the defendant, who was convicted of perjury, but two questions only are discussed by his counsel on appeal.

The others are very trivial and are therefore abandoned.

In a motion for a new trial, the accused urges two grounds of misconduct of the jury, one of which is not pressed on appeal.

The ground which his counsel discuss is that the district judge allowed the foreman of the jury to step out of the ranks of his fellows up to the judge's seat, and that he then asked and obtained in private an instruction touching the case in hand.

The record contains a considerable mass of testimony which was taken on that point.   But it is not embodied in, legally connected with, or even referred to, a bill of exceptions to the ruling of the district judge refusing the new trial prayed for.   Hence, it cannot be considered.

The only attempt made by defendant's counsel toward drafting a bill of exceptions from the judge's refusal of the new trial prayed for, is in the following words:

"To the judgment of the court overruling this motion for a new trial accused excepted, and tenders his bill for signature and approval."

The reasons of the judge on his refusal of the motion, which were given at length and in writing, are not even embodied in, attached or referred to, the purported bill.   We can but express our surprise at the apparent hope of counsel that we could sanction such glaringly deficient proceedings.

Repeated adjudications of this Court should have taught them the proper and only course to pursue in the premises.   In Nelson's case, 32 Ann. 842, we culled from our jurisprudence and we formulated the rule that "This Court cannot take cognizance of the evidence upon which a motion for a new trial was refused by the court a qua, unless that evidence is embodied in a bill of exceptions."

The doctrine was immediately thereafter applied in the case of Given, 32 Ann. 782, in which we took occasion to say:

"Evidence to show the alleged misconduct of the jury was introduced and taken down in writing, and is in the record, but it is not embodied in, or attached to, a bill of exceptions," and under the authority of the Nelson case we declined to consider the evidence.

The same rule received similar application in the following cases: State vs. Williams, 36 Ann. 742; State vs. Jackson, 36 Ann. 769; State vs. Belden, 36 Ann. 824.

We are therefore stripped of all power to consider or pass upon the alleged misconduct of the jury.

On appeal, and for the first time, defendant's counsel make the point that one of the deputy sheriffs in charge of the jury committed the grievous wrong of conversing with some of the jurors about the merits of the case on which they were then deliberating.

But the simple statement that the point was made only on appeal is sufficient to dispose of the matter. To pass on a point which has not been submitted to the trial judge, would be assuming original jurisdiction. This we have not the power and much less the disposition to do.

The defendant has had a fair trial.

Judgment affirmed.