## No. 1259.

### THE STATE OF LOUISIANA VS. MOSES WIRE.

1. A motion for new trial that is unaccompanied by any bill of exceptions, or evidence touching the errors complained of, will not be examined.

2. Unless the record discloses a bill of exceptions, motion in arrest of judgment, proper assignment of error. or error apparent on its face, the judgment will be affirmed.

APPEAL from the Twenty-sixth District Court, Parish of St. John the Baptist. *Rost, J.*

*G. Leche,* District Attorney, and *Chas. A. Baquié,* for the State, Appellee :

It has been repeatedly decided that the jury are the sole judges of the facts adduced in the course of a criminal trial, and that they have the right to disregard certain facts as being untrue, and receive other as being true. 18 Ann. 35; 35 Ann. 573; 20 Ann. 402; 8 R. 540.

It has also been repeatedly decided by this Court that it has nothing to do with the facts in such proceedings, and will not weigh them. 28 Ann. 236; 23 Ann. 129; 30 Ann. 132; Const. 1879, art. 81.

And also that this Court will not interfere with the discretion of the lower court in refusing a new trial, unless there is error patent of record. 28 Ann. 402; 36 Ann. 341: 32 Ann 842; 33 Ann. 679.

Therefore we submit that the judgment of the lower court should be affirmed.

*James D. Augustin* for Defendant and Appellant :

In the interest of justice the Supreme Court will sometimes grant a new trial in a criminal case, when no precedent for it exists. State vs. Gunter, 30 Ann. 536.

The charge of the lower court and the facts urged as grounds for a new trial, can be brought before this Court in no other way than by bills of exception. *Ibid* 536, 539.

The counsel appointed by the court to defend the accused is entitled to a reasonable time, to be regulated by the judge, for preparation. 16 Ann. 425, State vs. Ferris ; State vs. Shonhausen, 26 Ann. 422.

The affidavit of the accused for a continuance cannot be contradicted ; it must be taken as true. 30 Ann. 296, State vs. Simien.

Favoring the liberty of the citizen, the Supreme Court will entertain the appeal, although there was no motion to quash, no bill of exception, no motion in arrest of judgment, nor formal assignment of errors. 23 Ann. 433, State vs. Forrest.

We make part of our syllabus the humane views and liberal interpretation of the law in favor of the life and liberty of the citizen so pointedly expressed by the court in 30 Ann. p. 540, State vs. Gunter. His Honor, Justice Manning, was then Chief Justice, and that

eminent jurist. Hon. R. H. Marr and Hons. Alcibiade DeBlanc and W. B. Spencer, Associate Justices; Hon. H. N. Ogden, was Attorney General, and Robert & Hunter, for defendant. That experienced criminal lawyer, as organ of the court, Justice Egan—the Court say: "While, however, we have applied the principles of well settled law to the various matters revised and discussed by us in detail, on the whole case. we are not left without an impression of the possibility that there may have been irregularities calculated to influence the result of the trial unfavorably to the accused, and that his counsel may have mistaken the manner of presenting them for the consideration of this Court as therefore less injury would be done to the State by our granting another trial than, possibly to the accused by refusing it, and as this Court has held new trials may sometimes be granted though no precedent exist for them, it is ordered that the verdict and sentence appealed from be, and they are, hereby avoided and set aside, and the case remanded to be proceeded with according to law."

The opinion of the court was delivered by

WATKINS, J. The accused was indicted, tried and convicted of rape, and from a sentence to lifetime imprisonment in the penitentiary, in pursuance of the verdict of the jury, has prosecuted this appeal, which is predicated upon an alleged error of the trial judge in refusing to grant him a new trial, as prayed for.

The application for the new trial was not supported by any evidence, and no bill of exceptions was reserved for the accused, to the ruling complained of, and, even in the brief of defendant's counsel there is no suggestion of any error apparent upon the face of the record, which would fatally affect the proceedings.

However much we may be disposed to favor the liberty of the citizen by entertaining appeals when the proper defense of the accused has suffered through neglect, or mismanagement of counsel, we will restrict that disposition to extreme cases, unless the record discloses error apparent, a bill of exceptions, motion in arrest of judgment, or proper assignment of error. 38 Ann. State vs. Balize; 40 S. 190; 7 N. S. 234; 40 S. 658; 5 N. S. 341.

Neither of those conditions exist in this case. ·

This court has repeatedly and recently held that it cannot take notice of any facts adduced during the trial of a criminal case, pertaining to rulings of the judge, unless same accompanies a bill of exceptions, reserved at the time such ruling was made. 35 Ann. 742, State vs. Williams; 32 Ann. 842, State vs. Nelson; 35 Ann. 823, State vs. Belden; 35 Ann. 769, State vs. Jackson.

The counsel for the defendant has filed in this court what he styles an assignment of errors, and which is to the effect, that "all the *facts* stated in his brief as to the refusal of the judge *a quo* to allow a bill of exceptions to be drawn up * * * * and as to the statement of the prosecuting witness," etc.; and further to the effect that the judge

stated from the bench "that counsel might do so, but that he would not sign" such a bill of exceptions—but such errors cannot be presented in this manner. 35 Ann. 770, State vs. Riculfi and McClung; 90 S. 275, Wallace vs. Thompson. They are certainly not apparent upon the face of the record, and on this form of procedure we cannot grant the requested ruling.

The judgment is therefore affirmed.