## No. 13,611.

### STATE OF LOUISIANA vs. CHARLES NAPOLEON.

### SYLLABUS.

1. It is well settled that in a murder trial the dangerous character of the man who was killed cannot be given in evidence until the proper foundation is laid.

2. That is to say, it must be shown to the point of reasonable sufficiency by competent testimony that the deceased made some hostile demonstration towards the accused, to do him some great bodily harm.

3. In a criminal trial a formal bill of exceptions is necessary. An entry upon the record "bill of exceptions reserved" does not suffice.

4. The practice, sanctioned by many rulings, is that in the absence of a bill of exceptions this court will not review the action of the trial court on a motion for a new trial. A bill to the ruling denying the motion must be taken, and if evidence was adduced in support of the motion the same must come up annexed to the bill, or made part of it. Otherwise, even though in the record, it will not be noticed.

5. Where the verdict of the jury was unanimous in convicting defendant of manslaughter, he is without interest to urge that the failure to charge that nine of the jury could convict or acquit of manslaughter was reversible error.

APPEAL from the Twenty-third Judicial District, Parish of St. Mary—*Allen, J.*

*Walter Guion*, Attorney General, and *W. K. Wilson*, District Attorney, (*Lewis Guion*, of Counsel) for Plaintiff, Appellee.

*Sigur & Roberts*, for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. Defendant, indicted for murder, was convicted of manslaughter and sentenced to five years at hard labor and to pay a fine of fifty dollars.

He appeals.

In the only bill of exceptions taken during the trial it is set forth that the accused offered to prove the dangerous character of the man who was killed, and that this offer was made after it was established, (1) that the deceased had, during the quarrel, transferred his pistol from the left belt of his pants to his right hand breeches pocket; (2) that he had cursed the accused after the latter had turned to go; (3) that the accused had thereupon turned to find Holmes (the deceased) with a drawn pistol pointing at him; (4) and that the accused had then fired the fatal shot.

The prosecution objected to this attempt to prove the dangerous character, on the ground that a sufficient basis therefor had not been laid.

The judge sustained the objection, giving as reason for his ruling that the evidence which had been adduced in the case had not shown any overt act on part of the deceased, had not established an assault or hostile demonstration by him tending to produce upon the mind of the accused the reasonable apprehension or belief that he was in imminent danger. He gives a *resume* of the evidence, and declares that no witness who was present at the time of the homicide and who was called to testify had given evidence of any overt, hostile act on part of the deceased, except the defendant himself, and this fact and other

State vs. Napoleon.

circumstances mentioned had convinced the court the statement of the accused did not amount to proof. In short, that no sufficient basis for the introduction of evidence of dangerous character had been laid.

The statement of the trial judge in a bill of exceptions (the evidence not coming up) is controlling, and accepting it, we are not prepared to say there was error in the ruling excluding the testimony offered to show the dangerous character of the deceased.

It is well settled that in a murder trial the dangerous character of the man who was killed cannot be given in evidence until the proper foundation is laid. That is to say, it must be shown to the point of reasonable sufficiency by competent testimony that the deceased made some hostile demonstration towards the accused, to do him some great bodily harm.

It is further urged upon us that the judge a quo erred in denying the motion for new trial. Much matter of defense is set up in an original and supplemental motion for new trial, and in support of the averments thereof testimony was taken in writing and comes up in the record. We are asked to review this evidence and to decide that the judge was at fault in not setting aside the verdict and in refusing the new trial.

It appears that no bill of exceptions was taken to the judge's ruling on the motion. A bill, it seems, was *reserved*, but not written up or perfected. In other words, this ruling of the court a qua, denying the new trial sought, was not made the subject of a bill of exceptions, and the evidence taken in support of the motion was not brought up annexed to and as part of a bill of exceptions.

To have a mere note entered on the record "bill of exceptions reserved," is, in a criminal trial, no bill whatever. This was distinctly so decided in State vs. Haines, 51 La. Ann. 731. See also State vs. Comstock, 36 La. Ann. 309. A formal bill, duly drawn up and signed, is necessary.

The practice, sanctioned by many rulings, is that in the absence of a bill of exceptions this court will not review the action of the trial court on a motion for a new trial in a criminal prosecution. Knobloch's Crim. Digest, p. 331; State vs. Nelson, 32 La. Ann. 842; State vs. Ross, 32 La. Ann. 854; State vs. Hudson, 32 La. Ann. 1052; State vs. Williams, 35 La. Ann. 742; State vs. Comstock, 36 La. Ann. 310; State vs. Vincent, 36 La. Ann. 770; State vs. Jackson, 37 La. Ann. 467; State

vs. Walker, 37 La. Ann. 560; State vs. Wire, 38 La. Ann. 684; State vs. Darrow, 39 La. Ann. 677.

The evidence upon which a motion for a new trial was denied by the court below cannot be considered on appeal unless 'brought up by a bill of exceptions. State vs. Given, 32 La. Ann. 782; State vs. Nelson, 32 La. Ann. 842; State vs. Ross, 32 La. Ann. 854; State vs. Hudson, 32 La. Ann. 1052; State vs. Belden, 35 La. Ann. 823; State vs. Miller, 36 La. Ann. 158; State vs. Redwine, 37 La. Ann. 780; State vs. Deas, 38 La. Ann. 581.

Though the motion for new trial, together with the evidence adduced in support of it, appears in the record, unless the overruling of the motion be excepted to, neither it nor the evidence can be considered. State vs. Jackson, 35 La. Ann. 769.

Complaint is made that the trial judge did not charge the jury that, should they reach the conclusion the accused was not guilty of murder, in considering whether or not he was guilty of manslaughter, nine of their number could convict or acquit.

It appears from the record that in returning their verdict of guilty of manslaughter, the jury were unanimous. In view of this, it is difficult to see in what way the accused has been injured by the failure to charge as above, even though to so charge be conceded to be correct, and even though the same may be taken advantage of without having been made the subject of objection and bill of exceptions taken at the time.

Judgment affirmed.