STATE ex rel. H. E. JOHNSON, Respondent, v. F. D. GEBHARDT, Appellant.

**St. Louis Court of Appeals, March 4, 1901.**

1. **Attorney at Law, Disbarment of: PRACTICE AND PROCEEDINGS.** Proceedings for the disbarment of an attorney at law are required to be instituted by verified information, unless good cause for a different course is shown.

2. ———: ———: **ALLEGATIONS.** The allegations in an information seeking the disbarment of an attorney must be clear, specific and circumstantial, not general, vague and insufficient.

3. ———: ———: **MISCONDUCT OF ATTORNEY PREVIOUS TO ADMISSION TO THE BAR.** Misconduct of an attorney previous to his admission to the bar is no ground for his disbarment.

4. ———: ———: **COURTS, POWER OF.** Courts have an inherent power to disbar attorneys and strike their names from the rolls, independent of any statute on the subject.

5. ———: ———: **STATUTORY GROUNDS OF DISBARMENT.** Nor does the enumeration of statutory grounds for disbarment deprive them of the power to disbar for other causes.

6. ———: ———: **PROCEDURE.** If a defendant is charged, in an information against him, to have been convicted of an indictable offense, the court is authorized, on the production of the records of his conviction, to either remove or suspend him for a limited time from practice (Revised Statutes 1899, section 4929).

7. ———: ———: ———. And if the charges are other than the kind specified in section 4929, Revised Statutes 1899, that is, if the defendant is not accused of having been convicted of a criminal offense, the court has the power only to suspend him until the facts are ascertained in the statutory mode.

8. ———: ———: ———. In the case at bar, there is no charge against defendant that he had been convicted of an indictable offense, nor was there any record of his conviction produced.

State ex rel. v. Gebhardt.

9. ——: ——: ———. And the power the court had was to suspend the appellant from practice until the facts in regard to his alleged crimes had been determined.

10. ——: ——: ———. The court could suspend him until such a record was made, provided this was done in six months; if it was not, he was entitled to be reinstated in his rights as an attorney, and to hold them until such time as he might be convicted, when he would be subject to fresh proceedings to disbar.

11. ——: ——: ———: STATUTORY REGULATION. When an attorney is accused of criminal offenses as a reason why he should be removed from the practice of law, the statutory regulations concerning the matter are exclusive of other modes of procedure.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*G. A. Standard* and *E. R. Lentz* for appellant.

(1) The charges contained in the petition or information are too vague, indefinite and uncertain to apprise the defendant of what charges he was called upon to meet and defend against General and vague charges are not sufficient to disbar an attorney from the practice of his profession. Weeks on Attorneys, (2 Ed.), sec. 83; State v. Watkins, 3 Mo. 480; State ex rel. v. Finley, 30 Fla. 325; 18 L. R. A. 404; People v. Allison, 68 Ill. 151; Dickerson v. Dustin, 21 Mich. 427; Walker v. Commonwealth (Ky.), 8 Bush. 86; Ex parte Smith, 28 Ind. 47. (2) In proceedings of this nature the charges must be clear, specific and circumstantial, and must be stated with great particularity, that the attorney may know what to defend. Same authorities as above. (3) The charges should be verified by affidavit. Ex parte Burr, 9 Wheat. 527. (4) The defendant could only be tried upon the charges contained in the information. No part of the testimony in this cause related

to any specific charge in the petition or information, hence, it was error to receive any part of the evidence offered by relator in this cause. People v. Allison, 68 Ill. 153; State v. Chapman, 11 Ohio 430. (5) Misconduct previous to admission to the bar is insufficient to justify the attorney being stricken from the rolls. This objection should come at the time of admission. Weeks on Attorneys (2 Ed.), p. 171, and cases cited. This rule renders the testimony of witness Davis, as contained in his deposition, clearly inadmissible. (6) The judgment in this case is erroneous, contrary to law, not supported by the facts proven, is not responsive to any issues tendered by the pleadings, and is not supported by the pleadings. A judgment not supported by the pleadings is fatally defective. Black on Judgments, sec. 183. The finding or judgment, also, should specify the particular charge or charges upon which the attorney's guilt is pronounced. Weeks on Attorneys, sec. 83; Perry v. State, 3 Greene, 550.

*Alonzo D. Hight* for respondent.

(1) The petition specifically sets out and charges the appellant with collecting, retaining, refusing to pay over to his clients (Ellsworth, Goldman & Co.), money and that he was indicted therefore in three indictments, but in proceedings of this character no technical description of the act complained of is requisite to the validity of the proceeding. In re Bowman, 7 Mo. App. 569. (2) This proceeding is neither civil nor criminal, but *sui generis,* the object of which is the protection of the court. Id. (3) This court has common-law power to disbar, and is independent of the statute. State ex rel. v. Mullins, 129 Mo. 231. The Missouri statute is only declaratory of the common law so far as it goes, and this court's power has not been limited by statute. In re Bowman, 7 Mo. App.

569. (4) Under the facts in this case no alternative judgment could have been entered, there being no mitigating circumstances. The judgment of the court was proper. In re Buchanan, 28 Mo. App. 230. (5) And it was for the trial court to say whether the accused should be suspended or wholly removed from practice. In re Bowman, 7 Mo. App. 569.

GOODE, J.—On the twentieth day of June, 1899, an information or petition was filed in the office of the clerk of the circuit court of Butler county, wherein the State of Missouri was plaintiff, H. E. Johnson relator, and F. D. Gebhardt defendant, the prayer of which was that the defendant be disbarred, his name stricken from the roll of attorneys and he thereby prevented from further practicing law in the courts of the State. The petition alleges that the defendant was licensed and admitted to practice by the Butler Circuit Court in November, 1893. That while acting as an attorney in the year 1898, he received from Ellsworth, Goldman & Co., a collection agency of the city of St. Louis, sundry accounts to be collected from different persons in the city of Poplar Bluff. The petition proceeds as follows: "That said Frank D. Gebhardt, during the year 1898, while acting in the capacity of an attorney and agent for said Ellsworth, Goldman & Co., collected various and sundry accounts from different parties in the said city of Poplar Bluff, one of whom was J. W. Murray, a merchant of said city, and that said Frank D. Gebhardt appropriated all of said money so collected from said parties for and on behalf of said Ellsworth, Goldman & Co. to his own use, and refused to account for or remit the same after a reasonable time and after demand being made by said Ellsworth, Goldman & Co. upon said Frank D. Gebhardt, but denied making or having collected any of said money but embezzled and appropriated said money to his own

use and refused to pay over the same after demand made of him by his clients." The petition next states that three indictments for embezzlement were returned against the appellant by the grand jury in May, 1899, "for money collected on account and through the agency of said Ellsworth, Goldman & Co., while he, the said defendant, was acting in the capacity of an attorney at law" for said company and that one of the accounts so collected and appropriated to his own use, for which he stood indicted, was against said J. W. Murray "and that the defendant appropriated the entire money to his own use."

A citation was issued by the circuit clerk to the appellant on the fifteenth day of September, 1899, reciting the filing of the petition, the purpose of the suit and notifying him to appear on the first day of the October term, 1899, of the court, to be held on the first Monday of said month, to plead and defend against said petition, a copy of which accompanied the motion. Afterwards, at the February adjourned term, 1900, the appellant answered, admitting he was a licensed and practicing attorney in the courts of this State, but denying every other allegation in the petition. The cause came on for hearing at said adjourned term and after the introduction of considerable evidence on both sides, resulted in a judgment finding that the appellant had been guilty of such unprofessional conduct as to render him unfit longer to remain a member of the bar and ordering that his license to practice law be revoked and his name stricken from the roll of attorneys of the Butler county bar. This appeal was taken in due season.

Proceedings for the disbarment of an attorney at law are required to be instituted by verified information unless good cause for a different course is shown. Ex parte Burr, 9 Wheat. 527; Mowbray v. The People, 162 Ill. 194. But the affidavit may be waived and the subsequent proceedings, if otherwise regular, will not be invalidated thereby. Ex parte Burr, 9 Wheat.

State ex rel. v. Gebhardt.

supra. The cause is sometimes entitled in the name of the State at the relation of the prosecuting attorney, attorney-general, or other public officer who institutes it, and sometimes it is ex parte. It seems that the State is used as a plaintiff only when the proceedings are begun by an official whose duty it is. A private informant would probably have no right to start such a prosecution in the name of the State with himself as relator. State ex rel. v. Kemp, 82 Mo. loc. cit. 215. This, however, is immaterial in the present action, because no objection was made on account of the parties or to the form of the petition.

The appellant insists that the charges against him were of so vague and indefinite a nature as not to properly inform him what he was called upon to answer or defend against, also, that the court erred in admitting evidence which had no relevancy to the allegations of the petition, but related to transactions altogether distinct from those referred to therein. It will be observed that the only account, among the sundry ones which the appellant was accused of converting to his own use, that is so specifically designated as to inform him exactly what was intended, was a claim against J. W. Murray, a merchant of Poplar Bluff. The others are spoken of in the petition as "divers and sundry accounts placed in his hands by said collection agency for collection, said accounts being due from various and different parties in the town of Poplar Bluff, Missouri, and payable during the year 1898." This is entirely too vague and indefinite. It would not be good in an ordinary civil action to recover the money. The defendant was entitled to be apprised of just what claims he was charged with collecting and afterwards embezzling the proceeds of; otherwise it would be impossible for him to collect his evidence and prepare to refute the accusation.

We are not willing to say that the allegations in an information of this kind must be as precise and certain as in an in-

dictment; but that they must be clear, specific and circumstantial, not general, vague and insufficient, all the authorities are agreed. Weeks on Attorneys (2 Ed.); sec. 83; People v. Allison, 68 Ill. 151; State ex rel. Fowler v. Finley, 18 L. R. A. 401; Dickinson v. Dustin, 21 Mich. 561; Walker v. Commonwealth (Ky.), 8 Bush. 86; 5 Enc. P. and P., 713, and cases cited. The opinion in In ıe Bowman, 7 Mo. App. 569, is explicitly to the same effect. As stated, the only account distinctly pointed out which the defendant is charged to have collected and appropriated to his own use was against J. W. Murray. Neither in this instance nor in either of the others is the name of the person or company to whom the demand was owing, given. The evidence in the record discloses that the claim against J. W. Murray was in favor of the St. Louis Vinegar Company and was really against a firm by the style of J. W. Murray & Co.

A mass of testimony was received by the court, over the objections of the defendant, concerning other claims placed in his hands by the collection agency of Ellsworth, Goldman & Co., the retention of funds remitted to him to pay court costs and also concerning other transactions not even alluded to in the petition. For instance, there was a great deal of evidence about his selling a note secured by a mortgage, which belonged to a client of his by the name of Henderson. This note it appears was worth $150. The appellant sold it to one Pelz for $75, and, it is claimed, kept the money. The admission of such testimony was strenuously resisted by the appellant at the trial, on the ground that it was irrelevant and had no reference to the charges in the petition. He also saved exceptions to the ruling of the court in receiving it. The defendant could only be tried on the charges contained in the information, and it was error to receive evidence as to any of his other delinquencies. People v. Allison, 68 Ill. supra; State v. Chapman, 11 Ohio, 430.

The court also admitted a deposition, the purport of which was that Gebhardt had gone under the assumed name of Frank Daniels when living in St. Louis in the year 1890 and practicing law before justices of the peace, and that he was then charged in the court of criminal correction with retaining money which belonged to his clients. The petition states that Gebhardt was admitted to the bar in 1893. Misconduct previous to the admission of an attorney to practice, while it may be ground for refusing him license, is none whatever for disbarment and, hence, the court erred in admitting said deposition. Weeks on Attorneys (2 Ed.), 171; In re Page, 1 Bing. 160; 7 Moore, 572.

It is almost universally held that the courts have an inherent power to disbar attorneys and strike their names from the rolls independent of any statute on the subject, and such is unquestionably the law in this State. Ex parte Frank J. Bowman, 7 Mo. App. 569; State ex rel. v. Harber, 129 Mo. 271; Weeks on Attorneys (2 Ed.), sec. 80; In re Goodrich, 79 Ill. 148; Florida v. Kirks, 12 Fla. 278; 96 Am. Dec., 314; Fletcher v. Daingerfield, 20 Cal. 427; Ex parte Smith, 28 Ind. 47. Nor does the enumeration of statutory grounds for disbarment deprive them of the power to disbar for other causes. In re Bowman, 7 Mo. App. 569; State v. McClaugherty, 33 W. Va. 250; In re Mills, 1 Mich. 192. A statute is not to be construed as restrictive of the general power of the courts over its officers. Bean v. State, 27 Ark. 157; Ohio v. Chapman, 11 Ohio, supra; Ex parte Secombe, 19 How U. S. 9. This view was clearly recognized by our Supreme Court in State ex rel. v. Harber, 129 Mo. 314, where it is said that the statutory regulation on the subject in this State is declaratory of the common law so far as it goes. The accepted doctrine is that statutes and rules merely regulate the power to disbar, instead of creating it.

Weeks on Attorneys (2 Ed.), 154; State v. Winton, 11 Oreg. 456.

Whether our statutes in relation to disbarment are sufficiently comprehensive to embrace all cases, as was intimated they may be in State ex rel. v. Harber, 129 Mo. loc. cit. 314, they certainly embrace those cases in which the grounds for disbarment consist entirely of indictable offenses and as to whatever they embrace, they are controlling as to the procedure to be followed and the judgment to be rendered.

The acts of professional misbehavior charged against the defendant by the information, were each and all offenses for which he was subject to indictment and punishment under the criminal code. An attorney who collects money on an account sent him by a client and converts it to his own use is guilty of embezzlement. People v. Tredwell, 69 Cal. 226; State v. Belden, 35 La. Ann. 823; People v. Conberse, 74 Mich. 478; Farmer v. State, 34 S. W. 620; R. S. 1899, sec. 1912. Not only do the allegations in the petition allege embezzlements for which Gebhardt could have been proceeded against by indictment, but they aver further that three indictments had actually been found against him, one for embezzling money collected from J. W. Murray. They were put in evidence by the respondent at the trial. It is not clear from the averments whether the other indictments were for appropriating the proceeds of claims referred to in the evidence, but it is stated that they were for crimes growing out of his collection of accounts sent him by Ellsworth, Goldman & Co. The brief of the respondent, in fact the briefs of both sides, treat the indictment as being for the same acts set out in the petition. These briefs also inform us that the appellant was tried and acquitted on one of the charges for which he was arraigned, whereupon there were entries of *nolle prosequi* in the other cases. The record itself is silent concerning the dispo-

sition made of the criminal prosecutions but that is not important in disposing of the present appeal.

The procedure to be followed in cases of this kind is prescribed by section 4925 et seq. of the statutes. If a defendant is charged in an information against him to have been convicted of an indictable offense, the court is authorized on the production of the records of his conviction, to either remove or suspend him for a limited time from practice (sec. 4929, R. S. 1899). If the charges are other than the kind specified in said section, that is, if the defendant is not accused of having been *convicted* of a criminal offense, the court has the power only to suspend him until the facts are ascertained in the statutory mode, and the mode applicable to the present case is immediately pointed out in the succeeding section. It is therein provided that if the charge be for an indictable offense and no indictment be found, or being found shall not be prosecuted to trial within six months, the suspension shall be discontinued unless the delay be produced by the fault of the accused, when the suspension may be continued until a final decision. We ascertain from the information that Gebhardt's disbarment was sought because he had committed indictable offenses and are further told that three indictments had been found against him. There is no charge that he had been convicted, nor was any record of a conviction produced. On the contrary, we are given to understand from the briefs that he was acquitted. Be that as it may, the power the court had was to suspend the appellant from practice until the facts in regard to his alleged crimes had been determined. If he stood indicted then for the very acts laid as grounds of disbarment, the only mode provided by the statutes for ascertaining the fact of his guilt or innocence was by the record of his conviction or acquittal. The court could suspend him until such a record was made, provided this was done in six months; if it was not, he was entitled to be rein-

stated in his rights as an attorney and to hold them until such time as he might be convicted, when he would be subject to fresh proceedings to disbar.    If no indictment had been returned against him for the specific acts charged in the information when the matter was heard, inasmuch as those acts were such as he was liable to be indicted for, the court could have suspended him for the same length of time, in order that he might be indicted and tried.    These statutory regulations are exclusive of other modes of procedure as far as they go; that is, when an attorney is accused of criminal offenses as a reason why he should be removed from the practice.    The judgment of the court in the case at bar is not in conformity to them.    Instead of suspending the defendant during the interval and for the purpose directed by the statutes, it adjudged that his license to practice law be revoked, that his name be stricken from the roll of attorneys and that he pay the costs of the action.    The policy of the law is to prevent the anomaly of an attorney being stricken from the roll of practitioners and denied the right to follow his profession on account of an alleged criminal offense of which he was not found guilty.

Proceedings like this are of an important and delicate nature and should be conducted with a solemn sense of responsibility by all concerned.    The interests of one member of the community and of the community itself are involved.    The impressive language of Chief Justice MARSHALL in a similar case may be fittingly recalled: "On one hand the profession of an attorney is of great importance to an individual and the prosperity of his whole life may depend on its exercise.    The right to exercise it ought not to be lightly or capriciously taken from him.    On the other hand, it is extremely desirable that the respectability of the bar should be maintained and its harmony with the bench be preserved.    For these objects some controlling power, some discretion ought to reside in the court.    This

discretion ought to be exercised with great moderation, *but it must be exercised."* Ex parte Burr, supra.

It is proper to remark that counsel on both sides in their printed briefs and arguments have indulged in unwarranted acrimony and recrimination. The brief of the counsel for the appellant is open to graver criticism. There are remarks reflecting on the fairness and sense of justice of the judge who tried the cause below, which are wholly unjustified by his conduct. There is nothing in the record which lends countenance to the supposition that he cherished any animosity against the defendant or acted from other motives than ought always to inspire a judge.

The judgment is reversed and the cause remanded. All concur.