MONROE, J.
Defendant, having been convicted of “cutting with a dangerous weapon, with intent to kill and murder,” and sentenced to imprisonment at hard labor, has appealed to this court. It appears that, through his counsel, he moved for a new trial on the ground that he was tried under the name of Dan Bell, when, as a matter of fact, his name is Daniel Alfred Bell; that he reserved, but did not write out and cause to he signed, a hill of exception to the overruling of this motion, and that he then, through his counsel, upon the same ground, filed a motion in arrest of judgment, which was also overruled.
In the brief submitted by his counsel to this court it is said that he was forced to trial without benefit of counsel. The record, however, contains no formal hill of exception, and shows affirmatively that he was represented b3' counsel when arraigned; that he announced himself ready for trial when his case was called; and that he was represented by counsel in the motions for new trial and in arrest of judgment, as also when called up for sentence, and in the motion for appeal.
If he desired to have the action of the district court in refusing the new trial reviewed, he should have preserved that right by means of a formal hill of exception, signed by the judge. If. at any stage of the proceedings, he was improperly denied the assistance of counsel, that fact should have been made to appear by motion for new trial and hill of exception.
The record does not support the suggestion that he was so denied, and, in the absence of proof to the contrary, it will he presumed that he was properly represented. State v. Ziord, 30 La. Ann. 867.
There being no formal hill of exception in, and no error apparent upon the face of, the record, no relief can be afforded. State v. Powers, 52 La. Ann. 1254, 27 South. 654. State v. Napoleon, 104 La. 164, 28 South. 972; State v. Washington, 104 La. 443, 29 South. 55, 81 Am. St. Rep. 141. The judgment appealed from is accordingly affirmed.