O’NIELL,' J.
Appellant was convicted of the crime of grand larceny, and sentenced to imprisonment in the penitentiary. The only question of law presented is whether he was denied the constitutional right to have the assistance of counsel in his defense.'
Section 9 of the Bill of Rights, being article I of the Constitution, declares:
“The accused in every instance * * * shall have the right to defend himself, to have the assistance of counsel, and to have compulsory process for obtaining witnesses in his favor.”
There were similar provisions in the Bill of Rights in the previous Constitutions. Pursuant thereto, section 992 of the Revised Statutes contains this provision:
“Every person shall be allowed to make his full defense by counsel learned in the law; and the court before whom he shall be tried, or some judge thereof, shall immediately upon his request assign to him such counsel as he shall desire.”
The jurisprudence of this court maintains that the judge before whom an accused person is called for trial is not required to appoint an attorney at law to defend the party accused unless he requests it.
The complaint in this case is that the judge anticipated and forestalled such a request, because, as the minutes of the court show, “the court ordered the accused brought to trial without further delay and without an attorney.”
Appellant was arraigned on the 7th of February, 1922; that is, on the fourth day after the bill of information was filed. He was not represented by an attorney, at the arraignment, as far as the record shows. The next entry on the minutes of the court, after the arraignment, is of the proceedings had on the 17th of February, 1922. On that day, defendant’s attorney, Mr. Henifiques, announced to the court that he was no longer representing the defendant and requested that he be allowed to withdraw and have his name taken off of the record as attorney for defendant. The request was granted, and the court then appointed Mr. Conniffe, attorney at law, to represent defendant. On defendant’s request, the court immediately rescinded the appointment of Mr. Conniffe. The reason why defendant did not then want an attorney appointed to represent him, as shown by the subsequent minute entries, was that he had employed or intended to employ Mr. Moran to defend him. The next entry on the minutes is of the proceedings had on the 2d of March, 1922, when the case was called for trial. The first incident recorded in the minutes of that date was an announcement made by the presiding judge, and taken down by the stenographer, as follows:
“By the Court: The accused and Mrs. Messina phoned me, and were very indignant about a lawyer having been appointed, stating to ,me positively that they did not want an appointed lawyer; . that they wanted their own lawyer to represent them, mentioning Mr. Moran. That, on this, the 2d day of March, the case came on for trial. Mr. "Moran notified the court that he was no longer in the case, and would not have anything to do with the case. Whereupon the court ordered the accused *617 brought to trial without further delay and without an attorney.”
The statement that, as soon as Mr. Moran announced that he had withdrawn from the case, “the court ordered the accused brought to trial without further delay and without an attorney,” leaves no doubt that defendant was denied an opportunity to request that an attorney be appointed to represent him, or to request a postponement of the trial in order that he might employ an attorney. The fact that he had not wanted an attorney appointed to represent him when he had employed or consulted an attorney of his' own choice did not justify the judge’s ordering him to trial without an attorney when the attorney whom he had employed suddenly withdrew from the' case.
After the jury had convicted him, defendant employed an attorney, who filed a motion for a new trial; which was the only remedy ever afforded him. The motion for a new trial was overruled, and the attorney reserved a bill of exceptions to the ruling. In State v. Bell, 110 La. 649, 34 South. 721, this court announced that the correct method of bringing up for review a ruling ordering an accused person to go to trial without an attorney was by a motion for a new trial, and by reserving a bill of exceptions to the overruling of the motion.
The decisions maintaining that an accused person who, preferring to defend himself, does not request that an attorney be appointed to defend him, cannot, after being convicted, complain of the failure of the judge to appoint an attorney to represent him, are not at all pertinent to this case. There is not the slightest intimation in the record that appellant was willing to go to trial without an attorney. The minutes do not even contain the stereotyped statement that the defendant announced that he was ready for trial. They contain the preamble, “The state and the defendant being ready for trial,” which statement by the minute clerk, of course, should not prevail -over the elearcut statement dictated by the judge, ordering that the defendant should go to trial without delay and without an attorney.
The judge’s reference to a phone message from Mrs. Messina, expressing indignation at his having appointed an attorney to represent the defendant, and saying “that they wanted their own lawyer to represent them.” is not explained anywhere in the record. We have had no intimation, and. have no knowledge as to who this Mrs. Messina was, or what she had to do with the case.
The verdict and sentence appealed from are annulled, and it is ordered that the case be remanded for a new trial.