## DAUGHTRY *v.* STATE.

Opinion delivered July 23, 1906.

JUROR—OPINION AS DISQUALIFICATION.—The opinion of a juror, formed merely from newspaper reports, touching the guilt or innocence of the accused, does not disqualify.

Appeal from Pulaski Circuit Court; *E. W. Winfield,* Judge; affirmed.

*James A. Gray, Asa C. Gracie, T. C. Trimble* and *Joe T. Robinson,* for appellant.

1. When it appears that a juror has formed or expressed an opinion as to the guilt or innocence of the accused, the law presumes the juror to be incompetent, and that presumption can only be removed by affirmative evidence that his opinion was not formed on the knowledge of any fact derived from witnesses but from rumor. 13 Ark. 720; 19 Ark. 156; 30 Ark. 341; 47 Ark. 180; 66 Ark. 53; 69 Ark. 322; 72 Ark. 618. A juror is incompetent who has made the statement that the defendant would be hung. 49 Ga. 470; 4 Ill. 412; 3 Mont. 520. Or has said the defendant ought to be hung. 9 Cal. 298; 1 Sneed (Tenn.), 215; 9 Humph. (Tenn.) 411; 41 Tex. 573. Or has said he would hang the defendant. 5 Ga. 140; 9 Ga. 121; 97 Ga. 94; 17 Am. & Eng. Enc. Law, 1149. Having a disqualifying opinion, he can not qualify himself by stating that he can give the defendant a fair and impartial trial and render a verdict in accordance with the law and the evidence. 17 Am. & Eng. Enc. Law, 1153; 144 Ill. 140; 56 Ill. 344; 48 Ill. 145; 34 Fla. 206; 60 Kan. 256; 29 Neb. 437; 42 Vt. 629; Burr's Trial, 416.

2. The defendant was prejudiced by the misconduct of the jury while viewing the alleged scene of the killing. Reception by the jury of evidence out of court will, if influential in determining the verdict, require the granting of a new trial. 17 Am. & Eng. Enc. Law (2 Ed.), 1237; 51 Ark. 533; 2 Cleveland, Law Rep. 164; 111 Cal. 627. If misconduct on the part of a juror is established, the presumption is that prejudice resulted. 1 Swan (Tenn.), 61; 32 Tex. 269. And if it is established, it is not necessary that it should appear affirmatively that prejudice resulted.

If prejudice might have resulted from the misconduct, a presumption of prejudice arises. Thompson & Merriam, Juries, 537, § 438. The burden is on the State to show that the misconduct did not influence the juror. *Ib.* 537, § 439; Thornton on Juries, 355, § 440. See also 76 Ark. 487; 58 S. W. 107; 149 N. Y. 116.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

1. If the juror made the remark with which he is credited, it was only an expression of an opinion based upon newspaper report. This was made known on his *voir dire,* and he was not challenged by the defendant. The trial court heard evidence on this point, and its finding will not be disturbed. 40 Ark. 454.

2. On the question of misconduct of the jury, the trial court could better judge of the truth of the alleged misconduct, its probable extent, and whether it had any influence upon the verdict, than this court can, with only the record before it. *Ib.* 469; 29 Ark. 269.

BATTLE, J. R. S. Daughtry was indicted on the 28th of September, 1905, by the grand jury of Pulaski County for murder in the first degree, committed by killing Joe Sarlo, and was tried on the 5th of December, 1905, and convicted of murder in the second degree; and his punishment was assessed at fifteen years' imprisonment in the penitentiary. He appealed to this court.

Appellant insists that the court erred in refusing to grant him a new trial:

1. Because W. L. McRaven, a member of the jury who tried him, was an incompetent juror, because some time before the trial and shortly after the killing he had a controversy with one B. D. Williams concerning the guilt or innocence of the appellant, in which McRaven declared, if he were on the jury to try Daughtry, he would hang him, and Williams replied that, if he were a member of it, he would hang the jury.

2. Because the jury that tried him was guilty of misconduct while viewing the scene of the killing.

1. The record fails to show what questions were asked McRaven when he was examined, before his acceptance as a member of the jury, touching his qualifications to serve as such. When the court heard appellant's motion for a new trial, he

testified that, in response to such questions, he had formed an opinion as to the guilt of the defendant, but that it was based upon newspaper reports, and that, if he had any opinion, it was based on such reports. His testimony was not contradicted by any other testimony. The judge of the court, who heard him testify, was the judge of the credibility and the weight to be attached to his testimony. The opinion formed or expressed on newspaper reports did not disqualify him as a juror. *Hardin* v. *State*, 66 Ark. 53; *Taylor* v. *State*, 72 Ark. 613.

And no reversible error was committed in the refusal to grant a new trial on account of McRaven being a member of the jury.

2. The misconduct of the jury while reviewing the scene of the crime was: One of the jurors went behind the bar, and another member stood upon the railing looking over (the killing was done in a saloon) and while in that position one of the jurors made a remark to the man behind the bar that he was a larger man than Joe Sarlo, the man who was killed. The man behind the bar was about six feet tall and weighed 200 pounds, while Sarlo was small. About the time the juror was behind the bar, and another was upon the rail, a juror said: "That is all we want to see. Come on," or "That is all I want to see. Let's go." We are unable to see that the appellant was prejudiced by this conduct or these remarks. The undisputed facts show that appellant killed Sarlo by shooting him while behind the bar. The evidence does not show that the conduct of the jury was calculated to throw a single ray of light upon a disputed fact, or that the remark of the juror indicated his opinion, if he had any.

The evidence was sufficient to sustain the verdict.

Judgment affirmed.