RULOFF AND BERGER *v*. STATE.

Opinion delivered March 8, 1920.

1. JURY—DISQUALIFYING OPINION.—Veniremen who stated that they had heard and read a great deal about the case and had formed an opinion concerning its merits which it would require evidence to remove were not incompetent where it did not appear that their opinions were formed from talking with witnesses or any one who knew or professed to know the facts, and where they stated that, notwithstanding their opinions, they believed they could try the case according to the evidence and the court's instructions.

2. CRIMINAL LAW—TIME OF PERMITTING CHALLENGE TO JUROR.—Under Kirby's Digest, section 2357, providing that a peremptory challenge to a juror must be taken "before he is sworn in chief," it was not prejudicial error to permit the prosecuting attorney to exercise a peremptory challenge on a juror whom he had accepted where at the time defendants had a peremptory challenge left.

3. CRIMINAL LAW — EVIDENCE — MINUTES OF EXAMINING COURT.— Where in a felony trial the circuit court, on conflicting evidence, found that the examining court, before commencing examination of witnesses, inquired of defendants whether they desired

the aid of counsel, and allowed them reasonable time to procure same, the minutes of the testimony of witnesses testifying before such court are admissible.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*A. J. Murphy* and *Murphy & McHaney,* for appellants.

1. The court erred in holding Jim Tisdale a competent juror and in changing its ruling and excusing him for cause for the purpose of restoring one challenge to appellants. Kirby's Digest, § 2357.

2. It was error to hold that W. K. Woodcock was a competent juror. 135 Ark. 520.

3. The court erred in permitting the State to read in evidence the statements purporting to be the testimony of Patrick Stearns Kramer and Sam Dillard *et al.,* taken before the municipal judge, Ledgerwood, the record and evidence showing that defendants were not asked if they had or desired counsel. Kirby's Digest, § 2137; 105 Cal. 641; 39 Pac. 29; 93 Cal. 277; 88 *Id.* 84.

4. The court erred in overruling defendants' objection to the question by the prosecuting attorney asked Belding, and in permitting the prosecuting attorney's closing argument to go to the jury, and other statements in his argument.

5. The court erred in giving, refusing and modifying instructions.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

Section 2137, Kirby's Digest, is not mandatory but directory merely. 98 Ark. 505; 34 *Id.* 492; 52 *Id.* 275; 21 *Id.* 329; 26 *Id.* 328. 83 Ark. 277 covers appellants' contention. See also 95 Ark. 172. Where a witness is dead or beyond the jurisdiction of the court, what such witness testified to on a former occasion is competent. 58 Ark. 353; 29 *Id.* 17; 33 *Id.* 539; 40 *Id.* 454; 47 *Id.* 180;

60 *Id.* 400; 68 *Id.* 441; 90 *Id.* 515; Kirby's Digest, § 2148; 76 Ark. 515; 83 *Id.* 272.

Matters of argument of counsel are within the discretion of the court and here no abuse is shown. 23 Ark. 32; 193 S. W. 89; 74 *Id.* 256; 112 *Id.* 452; 119 *Id.* 101.

There are no reversible errors in the instructions and the evidence sustains the verdict.

McCULLOCH, C. J. This appeal is from a judgment convicting the appellants of the crime of robbery.

In the course of the selection of the jury, three of the veniremen answered in substance that they had heard and read a great deal about the case and had formed an opinion concerning its merits which would require evidence to remove. It was not shown that the opinion was formed from talking with witnesses or any one who knew or professed to know the facts. The jurors in answer to the questions stated that notwithstanding their preconceived opinion they believed they could try the case according to the evidence and the instructions of the court.

The court first refused to excuse any of these jurors for cause, but afterward as to one of them changed its ruling and excused him for cause. At the time of this ruling appellants had exhausted their challenges, but the ruling had the effect to give to appellants the right to exercise another peremptory challenge.

After a certain juror had been accepted by the State and the appellants, and after a recess of the court, the prosecuting attorney asked permission to exercise peremptory challenge on a juror whom he had already accepted, which the court permitted over the objection of appellants.

After this ruling of the court one juror remained to be selected. The next venireman called, over the objection of appellants, was held to be qualified and the appellants exhausted their last peremptory challenge upon him. The next juror, over the objection of appellants,

was held to be qualified and was selected, which completed the panel.

There was no reversible error in the rulings of the court. The answers of the jurors show that their opinions were based upon rumor. At least the appellants did not show that they had talked with witnesses or any one who assumed to know the facts. The preconceived opinion, which, *prima facie,* rendered the jurors incompetent was overcome by the further examination in which the jurors disclosed that they would be governed in rendering their verdict by the evidence and the instructions of the court.

The record does not show that at the time the court permitted the prosecuting attorney to exercise a peremptory challenge on a juror who had been previously accepted that the appellants' right to peremptory challege had then been exhausted. The panel had not been completed, and the appellants at that time still had the right to one peremptory challenge.

The rulings of the court in passing upon the qualifications of these jurors, and thus completing the panel by which the appellants were tried, were in conformity with previous decisions of this court. *Sneed* v. *State,* 47 Ark. 185; *Williams* v. *State,* 63 Ark. 527; *Sullins* v. *State,* 79 Ark. 127; *Daughtry* v. *State,* 80 Ark. 13; *Decker* v. *State,* 85 Ark. 64; *McGough* v. *State,* 113 Ark. 301; see also § 2357, Kirby's Digest.

The only limitations found in the statute (Kirby's Digest, § 2357) with respect to the time for the exercise of the right of peremptory challenge is that it must be before the juror "is sworn in chief," but another limitation necessarily implied is that it should not be exercised at such time as to prejudice the rights of the other party in the exercise of challenges. *Sneed* v. *State, supra; Williams* v. *State, supra; McGough* v. *State, supra.*

When the prosecuting attorney challenged the previously accepted juror, appellants had, as before stated, one more peremptory challenge left to them. It does not appear from the record before us at what stage of the

formation of the jury this particular venireman was orig-
inally accepted, nor how many challenges appellants had
left at that time. It does not show that appellants'
rights with respect to the exercise of their challenges
were in any wise altered by the challenge made by the
State. All that the record shows in this matter is that
when the State was allowed to challenge this juror,
appellants had one challenge left, and this is sufficient to
show that no prejudice resulted. *McGough* v. *State, su-
pra.*

The appellants next contend that the court erred in
permitting the State to read in evidence to the jury
statements purporting to be the testimony of Patrick
Stearns, W. Kramer, Sam Dillard and J. F. Potts, taken
before the municipal judge, Ledgerwood, who presided
at the examining court. The appellants urge that the
court did not comply with that part of section 2137 of
Kirby's Digest, which provides as follows: "The mag-
istrate, before commencing the examination, shall state
the charge and inquire of the defendant whether he de-
sires the aid of counsel and shall allow a reasonable op-
portunity for procuring it."

The judge who presided at the preliminary examina-
tion testified on this issue as follows: "They (appel-
lants) were not represented by counsel. I don't remem-
ber that I said anything to them before I began the ex-
amination. I asked them if they were ready for trial,
was all, and if they had anything to say, and neither of
them wished to make any statement."

Witness was asked the following question: "Be-
fore entering upon that examination, did you ask them if
they wanted counsel or time to get counsel or anything of
that sort?" He answered, "I don't believe I did, Mr.
Murphy." Witness was asked the following question by
the court: "Q. Did neither of them say anything about
wanting to get counsel?" "A. No, neither one of the
boys said whether they wanted to get counsel or not. I
didn't ask them if they wanted counsel. They were not
represented there at the trial. When any one is not rep-

resented by counsel I try to make the examination as fair to the defense as I can."

R. B. Cotham testified that he was the official court stenographer; that in the performance of his duties he sometimes took down testimony in preliminary hearings; that he took and transcribed the testimony of several witnesses in the case of the State against the appellants. Witness identified the manuscript that was presented to him as his official transcript of that testimony. Witness was asked the following question: "Q. You took down everything that occurred at the trial, did you?" "A. Yes, sir; I think I did." "Q. The preliminaries of the examination as well as the other matters?" "A. I am not so sure about that, Mr. Murphy, as to whether I took all of the preliminaries down or not." "Q. Well, I see it says here, 'The State of Arkansas (after styling the case) appears by prosecuting attorney John Hoskins, Esq., and the defendants, Gus Berger and George Ruloff, appear in person but not being represented by counsel. The State of Arkansas, in order to sustain its charges against the defendants, introduced the following testimony.' Now were Ruloff and Berger asked if they wanted counsel or if they had counsel?" "A. I don't remember of any such question being asked them at that time."

The appellants testified that they were not asked by any one before the examining trial whether they wanted an attorney or counsel to represent them.

Joe Wakelin, for the State, in rebuttal testified as follows: "I was present in the municipal court when the preliminary hearing of Ruloff and Berger was had charged of robbery." Witness was asked: "At the beginning of the trial what action did the court take?" Witness answered, "Well, as near as I remember, the court told them that they were charged with robbery and asked them if—I think he asked them if they wanted any counsel or had anything to say."

On cross-examination witness was asked: "And do you say that he (the court) asked them if they wanted counsel?" He answered: "I don't remember whether

it was 'wanted' or if 'they had' and he told them what they were charged with.''

"Q. Did he say either one?   Did he say, 'Have you counsel?' or 'Do you want counsel?' ''

"A. Yes, one or the other, I am not positive which it was.''

"Q. What was it attracted your attention to that fact?''

"A. Well, I was just listening to the trial.''

"Q. How come you to be there?''

"A. I was one of the ones that was in the chase.''

A majority of the court have reached the conclusion that the above testimony made an issue of fact before the circuit court as to whether or not the judge who conducted the examining trial, before commencing the examination, inquired of the appellants whether they desired the aid of counsel, and that the trial court could have found and did find from the above testimony that the presiding judge at the examining trial before commencing the examination did inquire of appellants' whether they desired the aid of counsel and did allow them a reasonable opportunity for procuring counsel. The conclusion is reached that there was a conflict in the testimony on this issue and that there was substantial evidence to sustain the finding of the trial court.   Such being the finding of fact by the trial court, this court does not feel called upon to determine whether or not the admissibility of the former testimony of the absent witnesses depends upon an affirmative showing of strict compliance in the committing court with the provisions of the statute (Kirby's Digest, § 2137).

Other rulings are presented which we have considered and find correct.   They do not involve the laying down of any precedents that would be of value to the profession, and we, therefore, do not deem them of sufficient importance to discuss in this opinion.

Affirmed.

WOOD, J. (dissenting). From the conclusion of the court that section 2137 of Kirby's Digest has been complied with, I dissent.

The testimony of Wakelin, giving its strongest probative force, shows that at the beginning of the trial the municipal judge asked appellants, "Have you counsel?" or "Do you want counsel?" Conceding that this testimony was some substantial evidence to prove that the magistrate before commencing the examination inquired of appellants whether they desired the aid of counsel, still the testimony does not show, nor tend to show, that the examining court allowed appellants a reasonable opportunity for procuring counsel.

The witness does not testify that the appellants answered the question propounded. There is not a syllable of testimony in the record proving, or tending to prove, that the examining court advised appellants that they were entitled to be represented by counsel or that it gave them, or offered to give them, an opportunity to procure counsel. The testimony of the presiding judge, himself, and of the court stenographer, shows that no such suggestion was made to the appellants, and that no opportunity was offered or given them to procure counsel.

The burden was upon the State to prove facts sufficient to lay the foundation for the introduction of secondary evidence.

The undisputed testimony, as I view the record, proves that such foundation was not laid in the particulars above mentioned.

The court, therefore, erred in permitting the introduction of this secondary evidence. The testimony was material and highly prejudicial to the rights of appellants, and if the above statute is mandatory, the error is one for which the judgment should be reversed and the cause remanded for a new trial.

Since the majority of the court refrain from deciding whether the statute is mandatory or directory, I need not discuss at length that question. Be it said to the

glory of American jurisprudence that the Constitution of the United States and the Constitution of every State in the Union guarantee, in some form, that in all criminal prosecutions, the accused shall have the right to be represented by counsel. Amendments to Constitution of U. S., art. 6; Kettleborough on State Constitutions.

The language of our Constitution is, "In all criminal prosecutions the accused shall enjoy the right * * * to be heard by himself and his counsel." Const. of Ark., art. 2, § 10.

This provision of the Constitution is mandatory. The provisions of the statute, under review, were undoubtedly intended by the Legislature to make effectual to every person accused of crime, the above all important and sacred guaranty of the Constitution, at the very incipiency of a criminal prosecution instituted against him. That is the time, above all times, when he most needs the aid of counsel.

There is no doubt in my mind that the Legislature intended that the accused at that time should be advised of his constitutional right to have counsel. That is the reason why the statute requires that the magistrate shall inquire of him as to whether he desired counsel. If he answers in the affirmative, the court "shall allow him a reasonable opportunity for procuring it." Not only must the magistrate inquire of the defendant whether he desires the aid of counsel, but he must also allow a reasonable opportunity for procuring it. The mandate of the statute as to the inquiry and as to reasonable opportunity are alike imperative.

A compliance with the requirements of the statute in both particulars is absolutely essential to the jurisdiction of the examining court to proceed, because the mandate of the statute is that "the magistrate *before commencing the examination* shall," etc.

To deprive persons accused of crime of the right vouchsafed by the above statute is but to "cut the heart out" of the constitutional provision itself which com-

mands that he "shall enjoy that right." *People* v. *Napthaly,* 105 Cal. 641.

The admission of the above testimony was, therefore, error for which the judgment should be reversed and the cause remanded for new trial.