REAP *v.* STATE.

Opinion delivered March 22, 1920.

JURY—DISQUALIFICATION.—A venireman in a criminal case who has formed from conversations with persons not witnesses a fixed opinion of defendant's guilt, but notwithstanding this opinion is able to try this case according to the law and the evidence, is a competent juror.

Appeal from Cleveland Circuit Court; *Turner Butler,* Judge; affirmed.

*J. C. Clary* and *B. L. Herring,* for appellant.

C. W. Baldwin was not a competent juror, and the court erred in holding that he was qualified. 102 Ark. 183. This juror had a fixed opinion as to the guilt or innocence of defendant and was incompetent.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

Baldwin was a competent juryman. 103 Ark. 23; 84 *Id.* 241; 79 *Id.* 127. See also 114 *Id.* 623; 109 *Id.* 455;

131 *Id.* 325; 132 *Id.* 521; 120 *Id.* 471. Baldwin was a competent juror, and there is no error in the record.

WOOD, J. The appellant was indicted for the crime of murder in the first degree in the killing of one Hunt Blankenship. From a judgment convicting him of manslaughter he prosecutes this appeal.

After the appellee had exhausted his peremptory challenges venireman C. W. Baldwin on his *voir dire* stated that soon after the killing he had heard men from the neighborhood discussing it. None of them were witnesses that he knew of. From what he heard these neighbors say he had formed an opinion, which was a fixed opinion until he heard the evidence. If selected as a juror, he would try the case and give the defendant and the State careful and impartial consideration, the same as if he had not heard of the case at all. He was not biased and had no prejudice against the defendant. The parties in the neighborhood, where the killing occurred, gave the facts as they knew them, and he believed them, and still had the opinion that he had formed when he heard these neighbors talk. But, notwithstanding this opinion, he could and would try the case according to the law and evidence. The court held that the juror was qualified.

The appellant accepted to the ruling of the court and made this ruling one of the grounds of his motion for a new trial. He insists here that this ruling of the court is error for which the judgment should be reversed.

In *Ruloff and Berger* v. *State,* 142 Ark. 477, the questions propounded to the veniremen and the answers thereto were in essential particulars similar to those propounded to the venireman and the answers by him in the present case.

In the above case we said: "The answers of the jurors show that their opinions were based upon rumor. At least the appellants did not show that they had talked with witnesses or anyone who assumed to know the facts. The preconceived opinion, which, *prima facie,*

rendered the jurors incompetent was overcome by the further examination in which the jurors disclosed that they would be governed in rendering their verdict by the evidence and the instruction of the court.  \*  \*  \* The rulings of the court in passing upon the qualifications of these jurors, and thus completing the panel by which the appellants were tried, were in conformity with previous decisions of this court.'' In addition to the cases cited in *Ruloff and Berger* v. *State, supra,* see *Hardin* v. *State,* 66 Ark. 53.

According to the rule established by this court in the above cases the trial court did not err in holding that C. W. Baldwin was qualified to serve as a juror.

In the case of *Collins* v. *State,* 102 Ark. 180, upon which the appellant relies, the venireman had, among other things, stated on his *voir dire* that he ''thought the defendant ought to be lynched for the alleged crime for which he was being tried and that he was willing to assist in lynching him.'' He further stated that he entertained an opinion as to the guilt of the defendant, and that this opinion was based upon rumor. He also stated that he heard some of the witnesses speak of the case and talked to one of them.

The facts of the Collins case, therefore, clearly distinguish it from the case at bar.

Appellant does not urge any other grounds for the reversal of the judgment, and, as we find no error in the ruling of the court, above set forth, the judgment is affirmed.