Supreme Court—Chambers—First Department.

*June*, 1882.

## MATTER OF RAMSCAR.

CODE OF CRIMINAL PROCEDURE, §§ 778–784.—EXAMINATION
OF PRISONER ARRESTED AFTER INQUISITION BY
CORONER'S JURY.

A defendant against whom an inquisition has been found by a coroner's
jury is entitled to a hearing before a magistrate in all respects as
upon a warrant of arrest on an ordinary information, as defined by
section 145 of the Code of Criminal Procedure, whether he has been
arrested before or after the filing of the inquisition.

The provisions of L. 1881, ch. 465, § 2, as to the duty of coroners of the
city and county of New York to transmit to the district attorney
the testimony, &c., in homicide cases, are not inconsistent with, but
are in addition to, the provisions of sections 778–784 of the Code of
Criminal Procedure.

MOTION to re-settle an order.

The facts are stated in the opinion.

*John McKeon*, district attorney, and *Elbridge T. Gerry*,
for the motion.

*Charles S. Spencer*, in opposition.

LAWRENCE, J.—The prisoner was brought before me on the
7th inst., upon a writ of habeas corpus, and a certiorari in aid
thereof, and his discharge from custody was urged by his coun-
sel on the ground that, upon the face of the commitment issued
by the coroner, and which was returned by the warden of the
city prison as his authority for the prisoner's detention, no crime
appeared to have been committed by him, or was charged in
said commitment.

I overruled the objections which were taken to the commit-
ment, and held that, though perhaps irregular, sufficient was
disclosed upon the face thereof to warrant his detention, and,
upon the consent of the two assistants of the district attorney,
the amount of bail in which the prisoner was held was reduced
to $2,000, and an examination directed to be held before Police

Justice Bixby. The learned district attorney now moves to re-settle the order made by him, by striking out therefrom the direction as to the examination, and claims that the prisoner is not entitled to such examination.

Having given to the case as full consideration as the demands upon my time in other cases have permitted, I am confirmed in the opinion heretofore expressed, that the prisoner is entitled to an examination before a magistrate, under the provisions of the Code of Criminal Procedure, which have not, so far as I am aware, ever been judicially construed. Section 778 of the Code of Criminal Procedure provides that the testimony of the witnesses examined before the coroner's jury must be reduced to writing by the coroner or under his direction, and must be forthwith filed by him, with the inquisition, in the office of the clerk of the court of sessions of the county, or of a city court having power to inquire into the the offense by the intervention of a grand jury. Section 779 provides that if, however, the defendant be arrested before the inquisition can be filed, the coroner must deliver it, with the testimony, to the magistrate before whom the defendant is brought, as provided in section 781, who must return it with the depositions and statement taken before him in the manner prescribed in section 221. Section 780 provides that if the jury find that a person was killed or wounded by another, under circumstances not excusable or justified by law, or that his death was occasioned by the act of another by criminal means, and the party committing the act be ascertained by the inquisition and be not in custody, the coroner must issue a warrant, signed by him with his name of office, into one or more counties as may be necessary for the arrest of the person charged. Section 781 prescribes the form of warrant to be issued in such case, and by that warrant the sheriff, constable, marshal or policeman to whom it is directed is commanded to arrest the person charged, and take him before the nearest magistrate in this county.

Section 782 provides that the coroner's warrant may be served in any county, and the officer serving it must proceed thereon in all respects as upon a warrant of arrest on an information, except that when served in another county, it need not be indorsed by a magistrate of that county. Section 783

provides that the magistrate, when the defendant is brought before him, must proceed to examine the charge contained in the inquisition, and hold the defendant to answer, or discharge him therefrom in the same manner in all respects as upon a warrant of arrest on an information. Section 784 provides that upon the arrest of the defendant, the clerk with whom the inquisition is filed must, without delay, furnish the magistrate a certified copy of it and of the testimony returned therewith.

Taking all these sections together, I think it quite clear that the defendant against whom an inquisition has been found by a coroner's jury is entitled to a hearing before a magistrate, whether he has been arrested before the inquisition has been filed or is arrested after such filing.

It will be perceived that under section 779, if the defendant be arrested before the inquisition can be filed, the coroner must deliver it with the testimony to the magistrate before whom the defendant is brought, as provided in section 781, who must return it with the depositions and statement taken before him, in the manner prescribed in section 221. Section 221 provides that when the magistrate has discharged the defendant or has held him to answer, as provided in sections 207 and 208, he must return to the next court of oyer and terminer or court of sessions of the county, or city court having power to inquire into the offense by the intervention of a grand jury, at or before its opening, the warrant, if any, the depositions, the statement of the defendant, if he has made one, and all undertakings of bail or for the appearance of witnesses taken by him. This certainly contemplates an examination of a defendant after the finding of the inquisition of the coroner's jury, because section 781 is the section which prescribes the form of the warrant to be issued by the coroner. Section 783 provides that when the defendant is brought before the magistrate, after an arrest under such a warrant, the magistrate must proceed to examine the charge contained in the inquisition, and hold the defendant to answer or discharge him therefrom in the same manner in all respects as upon a warrant of arrest on an information. An information is defined as follows: " The information is the allegation made to a magistrate that a person has been guilty of some designated crime." *Code Crim. Pro.* § 145. And the

proceedings to be taken after he has been arrested on such an information are contained in chapter 7 of title 3 of the Code of Criminal Procedure, sections 188 to 221 inclusive. It seems therefore to follow, under the provisions of section 779, that in the case of a defendant who has been arrested before the inquisition can be filed, the prisoner is entitled to be examined before a magistrate, before whom he may be brought as provided in section 781, and that in the case of a prisoner who has not been arrested until after the inquisition was filed under sections 781 and 783, the defendant is entitled to be heard before a magistrate in all respects as upon a warrant of arrest on an information. This view I think is strengthened by a reference to section 784, which provides, as we have seen, that after the defendant has been arrested the clerk with whom the inquisition is filed must, without delay, furnish to the magistrate a certified copy of it and of the testimony returned therewith. And section 784 is entirely in harmony with the provisions of section 778, directing the testimony of the witnesses examined before the coroner to be forthwith filed by him with the inquisition, in the office of the clerk of the court of sessions of the county, or of a city court having power to inquire into the offense by the intervention of a grand jury. In other words, in my opinion, the clerk referred to in section 784 who is to furnish the magistrate with a certified copy of the inquisition and testimony is the clerk referred to in section 778, with whom the inquisition and testimony are directed to be filed by the coroner. This interpretation of the statute seems to me to harmonize all the various sections to which I have referred, and to make them consistent with each other and consistent with what is deemed by me to have been the design of the legislature— that a person against whom an inquisition has been found by a coroner's jury, whether arrested before or after the filing of such inquisition, is entitled to a hearing before a magistrate, in the same manner as if he had been arrested upon an ordinary information as defined by section 145 of the Code of Criminal Procedure.

If this is not so, what becomes of section 779, directing the coroner to deliver the testimony to the magistrate, if the defendant has been arrested before the inquisition can be filed,

and of the provisions of section 781 and 783, providing for a hearing before a magistrate, on an arrest after an inquisition has been found and filed? And, furthermore, what becomes of the provisions of section 784, requiring a certified copy of the inquisition and testimony to be furnished to the magistrate where the warrant of the coroner has been executed after the inquisition found? My examination of the provisions of the Code of Criminal Procedure, above referred to, has led me to the conviction that it was the intention of the legislature, that in every case a prisoner should have an opportunity of being heard before one of the magistrates of the county in which he was apprehended, or in which the crime with which he stands charged is alleged to have been committed. And I am strengthened in this conviction from the fact that in the case of People v. Collins, 20 How. Pr. 111, it was held by Mr. Justice BALCOM, that on an inquest before a coroner's jury, the coroner had no power to take testimony to establish the innocence of the prisoner, nor had the prisoner the right to cross-examine the witnesses produced before the coroner. It is said, however, on the part of the people, that the provisions of the Code of Criminal Procedure to which I have adverted have been materially changed by chapter 465 of the Laws of 1881, page 627, which is "An act entitled an act to amend chapter 256 of the Laws of 1878," entitled "An act relating to the coroners of the city and county of New York, their duties and compensation," passed June 6, 1881. Section 2 of that act provides: "The same act is hereby amended by adding thereto the following sections, to be known as sections 7 and 8 respectively:

"Section 7. Each of the coroners of the city and county of New York shall file with the clerk of the board of coroners in all cases that may come before him, an abstract of the testimony taken by him, and a copy of the verdict rendered by the jury, and the clerk of said board shall keep the same on file until it is turned over to the Board of Health, and a receipt taken therefor, except in the case of a homicide, in which case he shall transmit the same without delay to the district attorney of the city and county of New York." It is not claimed that section 8, added by the act in question to the act of 1878, has any bearing upon the point now under consideration. But it

is claimed that section 7, which I have just recited, was intended "to create an exception in the city of New York as to coroners therein, and practically to reaffirm the local New York statute as to coroners, by continuing them as magistrates, giving them the power to hold examinations, and providing, in cases of homicide, that such examination should be transmitted, like those of any other magistrate, to the district attorney for the action of the grand jury;" and it is maintained that, as by section 963 of the Code of Criminal Procedure—that when the Code is construed in connection with other statutes it must be deemed to have been enacted on January 4, 1881, so that any statute enacted after that day is to have the same effect as if it had been enacted after this Code. The act of 1881 changes the general provisions of that Code, and in substance repeals certain provisions of them as to the city and county of New York.

If I found any inconsistency between the provisions of the Code and the act of 1881, I might give my assent to this contention. But there is no such inconsistency. The provisions of sections 778, 779 and 784 of the Code are quite consistent with the provisions of the second section of the act of 1881. Construed together, they seem to me to mean that, in addition to filling the inquisition and testimony with the clerk of the Court of Sessions, &c., and in addition to furnishing a certified copy thereof to the magistrate in cases of homicide, the coroner shall transmit an abstract of the testimony taken by him and a copy of the verdict rendered by the jury to the district attorney. I can discover in the act of 1881 no intention on the part of the legislature to subvert the entire scheme of the statute in relation to proceedings against those charged by a coroner's jury with the commission of a crime.

I do discover in the provisions of the Code of Criminal Procedure an intention on the part of the legislature to give to persons thus charged an opportunity to be heard, whether arrested before or after an inquisition filed or found in the same manner in all respects as upon a warrant of arrest on an information. See Code, sections 783, 779, 784 and 145, and sections 188 to 221 inclusive. I am not prepared to say that the intention of the legislature has been declared to be changed or altered by the statute to which I have been referred.

If the foregoing views are correct, it is the right of the prisoner to be heard before a magistrate as upon a warrant of arrest on an information. When the order which is now sought to be modified or set aside was made, it was assented that the hearing should be had before a magistrate designated in the order. If that assent is withdrawn, the order will be that the prisoner is entitled to a hearing before one of the magistrates of this county. If it is not withdrawn the order will stand as heretofore entered.