## *Ex parte* ANDERSON.

Decided February 27, 1892.

*Homicide—Commitment by coroner—Preliminary examination.*

One who has been committed to jail by a coroner for the crime of murder, upon an inquisition conducted in his absence, is not entitled to be taken before a magistrate for preliminary examination.

PETITION for *Certiorari* to *Monroe* Circuit Court. GRANT GREEN, JR., Judge.

Anderson was committed to jail by a justice of the peace, acting as coroner, under a charge of murder based upon an inquisition over the body of one Robert Read. In the absence from the county of the circuit judge, he applied to the county judge for a writ of *habeas corpus*, alleging that he was not present during the coroner's investigation and was not given an opportunity to cross-examine the witnesses who testified, nor to introduce witnesses on his own behalf. He asked that he be remanded to some justice of the peace that the charge for which he was held might be examined into as prescribed by law. A copy of the inquisition and commitment accompanied the petition. The response to the writ admitted the facts alleged in the petition.

The county judge refused the relief sought, but offered to hear the testimony in order to determine the petitioner's right to be admitted to bail. Application was then made to the circuit judge in another county to review the action of the county judge, with like result. Whereupon petitioner applied for a writ of *certiorari* to review the action of the circuit judge in refusing the relief sought.

*M. J. Manning* for petitioner.

*W. E. Atkinson*, Attorney General, for the State.

COCKRILL, C. J.   The accusation returned by a coroner's jury upon an inquisition, and the commitment by the coroner in pursuance thereof, have the force and effect of an examination and commitment by a justice of the peace, although the inquisition is held in the absence of the accused.   Mansf. Dig., secs. 704–710.   In that respect the return of the inquisition retains its common law characteristic of an indictment.   It forms the only exception to the right of the accused to a preliminary trial before commitment for homicide, where there is no indictment by a grand jury.

The exception is of ancient origin.   At common law the accused was held upon the return of the inquisition without an examination by a magistrate, and might be tried as upon indictment by a grand jury.   *People* v. *Collins*, 20 Howard's Pr., 111, and authorities cited.   Though he cannot now be tried upon a coroner's inquisition, one who is accused thereby has only the rights he would have if awaiting trial on indictment for murder.   He may be admitted to bail by an officer authorized to grant it, but he is not entitled to be taken before a magistrate for preliminary examination. The latter relief was all the petitioner in this case sought, and it must be denied.

It was suggested in the argument that the accused could not be deprived of his right to a preliminary examination before commitment.   But he is always deprived of it on indictment, and there is nothing in the constitution to prohibit the legislature from giving the effect here indicated to the inquisition of the coroner's jury.   The statute comes from the revision of 1838.   It is in part affirmance of and not more rigid than the common law, and the constitution, finding it in force, declare that the duties of the coroner should be such as were then, or might thereafter be prescribed by law.   Art. 7, sec. 46, const. 1874.

The statute, like many of our early statutes, was probably borrowed from New York.   It has there been modified so that a person arrested upon inquisition of a coroner's jury

is entitled to a hearing before a magistrate as when arrested upon a magistrate's warrant.

See *Matter of Ramscar*, 63 How. Pr., 255.

The petition will be dismissed.