THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. THOMAS RANEY, PLAINTIFF IN ERROR.

Submitted March 20, 1899—Decided June 12, 1899.

The right of an accused in a criminal prosecution to have the assistance of counsel in his defence, guaranteed by the last clause of section 8 of article 1 of the constitution, may be waived. When the record and bill of exceptions do not show any request for the assignment of counsel made or refused, but only show that no counsel appeared for the accused, no error is disclosed, for it will be presumed that the accused did not desire the assistance of counsel. Failure to apply for the assignment of counsel indicates a waiver of the right to have the assistance of counsel.

On error to the Hudson Quarter Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff in error, *William D. Daly.*

For the state, *James S. Erwin,* prosecutor of the pleas.

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The record brought up with this writ of error discloses an indictment against plaintiff in error found at the April Term, 1898, upon which he was arraigned on the 18th of May and tried and convicted on the 12th of July in the same year.

. The Quarter Sessions of Hudson county, in which the trial was had, has certified the proceedings had upon the trial, and it is contended thereon by plaintiff in error that he suffered manifest wrong or injury by the admission of illegal testimony, in the charge made to the jury, and in his conviction upon the evidence adduced upon the trial.

The supplement to the Criminal Procedure act, approved May 9th, 1894, was in force when plaintiff in error was indicted and arraigned. When he was tried and convicted that act had been repealed and the one hundred and thirty-sixth section of the Criminal Procedure act of 1898 had become applicable. *Gen. Stat., p.* 1154; *Pamph. L.* 1898, *pp.* 915, 934.

It is unnecessary to determine which of these acts is to be applied to the claim of plaintiff in error, because an examination of the whole proceedings in the respects specified clearly indicates that no wrong or injury was suffered by plaintiff in error, and that his conviction was correct.

It is further contended that the conviction of plaintiff in error should be reversed upon the ground that he did not have the assistance of counsel in his defence. This contention is based upon an exception in these words: "Defendant further excepts in that he was not defended by counsel." Neither the

bill of exception nor the transcript of the proceedings discloses whether plaintiff in error was of ability to procure counsel or whether he asked that counsel should be assigned to him. The only question raised by such an exception is whether a criminal court commits error by proceeding to try an accused person without counsel. If so, it is obvious that counsel must be assigned to every accused, although he is of ability to procure counsel but neglects or refuses to do so, or prefers to defend himself without the assistance of counsel. This argument is novel and ignores the common practice of criminal courts to assign counsel to the accused only when they are unable to procure counsel by reason of poverty and when they ask for the assistance of counsel, a practice regulated by the supplement to the Criminal Procedure act, approved May 17th, 1894. *Gen. Stat., p.* 1154.

The argument is based upon the last clause of the eighth section of article 1 of our constitution which guarantees to the accused in all criminal prosecutions the right " to have the assistance of counsel in his defence." This section confers upon accused persons rights and privileges for his benefit and it is settled in this court that an accused may waive and renounce the provision made for his benefit. *Edwards* v. *State,* 16 *Vroom* 419. The right and privilege in question in this case is thus capable of being waived. In the absence in the record and proceedings of any indication that the accused desired the assistance of counsel and was denied it, it will be presumed that he failed to ask that counsel be assigned for his defence, and chose to defend himself. The right and privilege is not denied by mere failure to assign counsel. *Sahlinger* v. *People,* 102 *Ill.* 241.