PHILLIPS v. STATE.

Opinion delivered February 18, 1924.

1. ROBBERY—SUFFICIENCY OF EVIDENCE.—In a prosecution for robbery, evidence *held* to warrant a conviction.

2. CRIMINAL LAW—FORMER TESTIMONY OF ABSENT WITNESS.—Where a witness has testified in a former trial or in a proceeding before an examining court, and the accused has had opportunity to cross-examine him, his testimony on such trial is competent on a subsequent trial, on a proper showing that the witness is dead or beyond the court's jurisdiction.

3. CRIMINAL LAW—TESTIMONY BEFORE EXAMINING COURT.—An examining court may take the testimony of the prosecuting witness without inquiring of the accused whether he desired the aid of counsel, and, where accused cross-examined the witness, it was permissible to read the testimony of such witness on a subsequent trial, where the witness was beyond the court's jurisdiction.

4. CRIMINAL LAW—AID OF COUNSEL IN EXAMINING COURT.—Crawford & Moses' Dig., requiring the examining court, before commencing the examination, to inquire of the defendant whether he desires the aid of counsel, is directory and not mandatory.

5. STATUTES—DIRECTORY AND MANDATORY ACTS.—In determining whether a statute shall be construed to be mandatory or directory, the purpose of the act, the end to be accomplished, the consequences that may result from one meaning or the other, and the context, are to be considered.

6. CRIMINAL LAW—RIGHT TO AID COUNSEL.—Where defendant's counsel made arrangements with the deputy prosecuting attorney to have him notify counsel of the date when the case was set, but, when the case was set, the defendant was asked whether he desired the deputy to write to his counsel, and defendant stated that he had written to his stepfather who employed the counsel, and at the trial the court asked defendant whether he desired to be represented by counsel, and he answered "No," it was not an abuse of discretion to proceed to trial without furnishing defendant an attorney to represent him, as the right to have the aid of counsel may be waived.

Appeal from Phillips Circuit Court; *E. D. Robertson*, Judge; affirmed.

*W. G. Dinning*, for appellant.

*J. S. Utley*, Attorney General, and *John L. Carter*, Assistant, for appellee.

HART, J. Luke Phillips prosecutes this appeal to reverse a judgment of conviction against him for the crime of robbery.

J. M. Walker, a witness for the State, testified that he was present in the municipal court at the time the defendant had his preliminary examination, and took down the testimony of George Glenn, the prosecuting witness in the case. Walker first took down the testimony of Glenn in shorthand, and reduced it to writing, and swore the witness to it. The transcript of the testimony shows that the prosecuting witness was cross-examined. The transcript of Glenn's evidence is a correct statement of his testimony, and it was signed by him.

J. D. Mays, sheriff of Phillips County, was a witness for the State. According to his testimony, a subpoena was placed in his hands for George Glenn, but he was unable to find him. He found out that George Glenn was a nonresident.

The testimony of George Glenn taken at the examining trial was next read to the jury by the State. It is substantially as follows: I am seventeen years old, and reside at Whitmire, S. C. I recognize the defendant, Luke Phillips, and first saw him on Sunday evening, the 26th of August. I saw him at some place where we stopped to let a passenger train pass. The defendant robbed me of $10.76. There were two five-dollar bills, five buffalo nickels, one rusty one, one woman-headed nickel, one dime and six pennies, and one quarter. I was asleep, and the defendant flashed a light in my face, and held a gun on me. He made me turn around, and then put his pistol in his left hand, and then took the money from me. I was riding on the train at the time. I reported the robbery to the conductor, and pointed out the defendant as the man who robbed me. The witness further stated that he was positive that the defendant was the man who robbed him, and that the defendant got off of the train near the bridge south of Lexa, in Phillips County, Ark.

We copy the cross-examination of the witness by the defendant. It is as follows: "Q. What kind of a flash-light did I have? A. A bright flash-light and nickel-plated gun. Q. You say the light was lit? A. Yes sir. Q. Was it working all right? A. Yes sir. Q. You say the train had stopped to let a passenger train pass? A. Yes sir. When I woke up you were standing over me."

The record shows that the testimony was signed by George Glenn, witnessed by J. G. Burke, judge, and sworn to before J. M. Walker, a notary public, on the 29th day of August, 1923.

T. B. Poe, a brakeman and deputy constable, was the next witness for the State. According to his testimony, he resided at Lexa, Ark., and has known the defendant since he was arrested some time in August, 1923, on the charge of robbery. When the witness approached the defendant to arrest him he was sitting on the end of a tie, in the railroad yards at Lexa, Ark. The witness went up behind the defendant and told him to get up. When the defendant got up, he had a flash-light in one hand and a pistol in the other. The witness searched the defendant, and found a pocketbook with two or three dollars in it, and seventy-six cents in loose change in his pocket. He was searched by the witness for the two five-dollar bills which the prosecuting witness had reported had been taken from him, but failed to find them. After he had carried the defendant to the jail, he searched his clothes and found a mask in his pocket, and two five-dollar bills pinned up between his shoulders in his underwear. When the defendant was carried into the presence of George Glenn, the latter at once said, "That's the fellow; that's the man." George Glenn told the witness of the different denominations of the money, amounting to $10.76, of which he had been robbed, and the money found by T. B. Poe, the deputy constable, on the defendant corresponded with his description of it. This all happened in August, 1923, at Lexa, in Phillips County, Ark. The defendant was

a witness for himself, and denied his guilt. The evidence for the State, however, warranted the jury in returning a verdict of guilty.

The assignment of error upon which counsel for the defendant chiefly rely for a reversal of the judgment of conviction, and upon which they devote the most time in their brief, is that the court erred in permitting the prosecuting attorney to read to the jury the testimony of George Glenn taken at the examining trial.

Section ten of the bill of rights in our Constitution provides that, in all criminal prosecutions, the accused shall have the right to be confronted with the witnesses against him.

The rule is well established in this State and elsewhere that, where a witness has testified in a former trial or proceeding in an examining court, and the accused has had an opportunity to cross-examine him, his testimony on such trial is competent on a subsequent trial, on a proper showing that the witness is dead or beyond the jurisdiction of the court at the time of the subsequent trial. *Poe* v. *State,* 95 Ark. 172; *Eyer* v. *State,* 112 Ark. 37; *Ruloff and Berger* v. *State,* 142 Ark. 477; *Williams* v. *State,* 156 Ark. 205; and case-note to Ann. Cas. 1913-C at 464.

It is conceded that the testimony of the sheriff was sufficient to show that George Glenn lived in another State, and was therefore beyond the jurisdiction of the court; but it is insisted that the testimony is inadmissible because the examining court did not ask the defendant whether he desired the aid of counsel before commencing the examination. Counsel for the defendant rely upon § 2918 of Crawford & Moses' Digest, which is part of the procedure for magistrates holding examining courts in felony cases. Section 2918 reads as follows: "When a person who has been arrested shall be brought, or, in pursuance of a bail bond, shall come, before a magistrate of the county in which the offense is charged to have been committed, the charge shall be forthwith

examined, reasonable time, however, being allowed for procuring counsel and the attendance of witnesses. The magistrate, before commencing the examination, shall state the charge, and inquire of the defendant whether he desires the aid of counsel, and shall allow a reasonable opportunity for procuring it."

According to the decisions cited above, the right secured by the Constitution to the defendant to be confronted with the witnesses against him is satisfied when, at some stage of the case against him, in a proceeding authorized by law, he meets the witnesses face to face and is given an opportunity to cross-examine them. The defendant in this case did meet the prosecuting witness face to face in the examining court, and cross-examined him, so that there was no infringement of the constitutional guaranty.

It is insisted that the statute is mandatory, and that the examining court had no right to take the testimony of the prosecuting witness until he had inquired of the defendant whether he desired the aid of counsel. We cannot agree with this contention. It is contrary to the reasoning and holdings of the court in our own cases bearing on the question. This court has held that the accusation returned by a coroner's jury and the commitment by the coroner have the force and effect of an examination and commitment by a justice of the peace. *Ex parte Anderson,* 55 Ark. 527.

In *McNamara* v. *State,* 60 Ark. 400, it was held that, on a trial for murder, the deposition of a witness who has since removed beyond the court's jurisdiction, taken before the coroner and reduced by him to writing, is admissible where defendant was, at the time it was taken, in custody before the coroner, charged with the commission of the offense, and had an opportunity to cross-examine the witness, and was legally called upon to do so, though he was not at the time represented by counsel. In that case the court, in discussing the provision of the Constitution above referred to, said that the

defendant did not ask to be represented by counsel, and hence was deprived of no right in that regard. The court further said: ''The witness was under oath, and the substance of his testimony was reduced to writing by the coroner, and, while the record does not show that the testimony was read to and signed by the witness, appellant made no objection in the court below, and has urged none here on that account, presumably for the reason that this was done. The defendant had the power to cross-examine, was notified by the coroner of his right, and was legally called upon to do so. If he did not choose to avail himself of the opportunity, it does not lie within his mouth to complain.''

Again, in *Poe* v. *State,* 95 Ark. 172, where the defendant was charged with the crime of rape, and was convicted by a petit jury of that crime, one of the assignments of error was that the court erred in admitting the testimony of two witnesses at the examining trial of the defendant before a justice of the peace. In discussing the question the court said: ''At the examining trial the witness, Cotham, was present and heard the testimony there given by these two women, and, as court stenographer, took stenographic notes of their evidence and afterwards transcribed the same. Upon the trial in the circuit court he testified that this evidence was given by these two witnesses at the examining trial; there was no written statement thereof signed by them. The defendant was present at the examining trial, but without counsel. He was given the opportunity to cross-examine these two witnesses, and did propound to one of them some questions. It was shown, by testimony which the trial court found sufficient, and which we find to be sufficient, that these two witnesses were beyond the jurisdiction of the court at the time of the trial of the case in the circuit court. It was competent to prove what these two witnesses testified upon the examining trial.''

The court further said: ''Nor was it necessary, in order to render this testimony competent, that the

defendant should have been represented by counsel at the examining trial. *Butler* v. *State,* 83 Ark. 272." In discussing the question in the latter case, the court said: "Counsel also argue that the testimony of the absent witnesses was not competent, because the defendant was not represented by counsel at the examination before the justice of the peace, when the testimony was given. It is not necessary, in order to render the testimony competent, that the defendant should have been represented by counsel. The law does not provide that an accused person must have counsel in a preliminary examination before a justice of the peace or other committing court. That is a privilege which he may or may not take advantage of, as he chooses. The constitutional guaranty that he shall have an opportunity to be confronted with the witnesses against him is fulfilled by his presence when the testimony is given." *Butler* v. *State,* 83 Ark. 273.

We think it logically results from the reasoning of the court in these two cases, that the requirements of the statute as well as of the Constitution are met where the defendant is not denied the right of employing counsel and is given the opportunity to cross-examine the witnesses at the examining trial.

The case of *People* v. *Napthaly,* 105 Cal. 641, 39 Pac. 29, is not authority to the contrary. In that case the record showed that, at the preliminary examination before the magistrate, the defendant was not represented by counsel, and that the magistrate refused to continue the examination for the purpose of enabling him to employ counsel, and that the magistrate entirely failed to inform the defendant of his rights, as required by the statute. Under the circumstances the court held that he had not been legally committed by the magistrate, because he had been refused an opportunity to procure counsel. This is shown by the case of *People* v. *Figueroa,* 66 Pac. 202, which was decided by the Supreme Court of California at a later date. In that case it was

said that, in the absence of a showing to the contrary, it will be presumed that the magistrate before whom the defendant was first brought after his arrest duly informed him of his right to the aid of counsel in every stage of the proceeding. So it will be seen, even where the statute is construed to be mandatory, that there is a presumption that it has been complied with, in the absence of a showing to the contrary.

As above stated, we think our statute is only directory to the magistrate. When a statute relates to the manner in which power or jurisdiction in a public officer is to be exercised, and not to the limits of the power or jurisdiction itself, they may be, and often have been, construed to be directory. In determining whether the words shall have a mandatory or directory effect ascribed to them, the purposes of the act, the end to be accomplished, the consequences that may result from one meaning or the other, and the context, are to be considered. *Nixon* v. *Grace*, 98 Ark. 505. In that case the court had under consideration the section of the statute which provides that, upon an indictment being found, the court shall forthwith make an order for process to be issued thereon.

The section of the statute under consideration in the present case prescribes the duties of the magistrate, directs the manner in which the powers conferred upon him are to be exercised, but it does not create a limitation upon his powers or jurisdiction. While it is the duty of the magistrate to observe the safeguards mentioned in the statute for the benefit and protection of the accused, it cannot be said that his proceedings are without jurisdiction and void, where the record does not show that he has refused to observe them.

In this connection it may be stated that the Attorney General insists that proper exceptions to this testimony were not saved at the trial of the case. We do not decide whether the contention of the Attorney General is correct or not. We have concluded to treat the assignment

of error discussed above as properly presented for review in this court, and, for the reasons given above, hold that it is not well taken.

The next assignment of error is that the defendant was not represented by counsel in the lower court. It appears from the record that the stepfather of the defendant employed counsel in the State of Mississippi, and that his counsel had made some sort of arrangement with the deputy prosecuting attorney to be notified of the date when the case was set for trial. By a series of misunderstandings, counsel did not get to the court until after the case had been tried and the defendant convicted.

Counsel who had come to represent the defendant admitted that the deputy prosecuting attorney had explained to him, on his arrival, that he had sent to the jail and asked the defendant if he wished him to notify his counsel, and that the defendant had reported that he had already written to his folks. The deputy prosecuting attorney said that he had then dismissed the matter from his mind. On this point the jailer and deputy sheriff was called by the State. According to his testimony, he and the defendant were present in open court on Friday, November 2, at the time the case of the defendant was set for trial on November 12 inst., which was on Monday. The defendant was advised of the day that the case was set for trial. The court had instructed the sheriff or jailer to see that the attorney for the defendant was notified of the day of the trial. The jailer then asked the defendant if he wanted him to write to his attorney, and the defendant replied no, that he had already written to his stepfather. His stepfather had employed the attorney. This conversation with the defendant was two or three days after the case had been set for trial. This was in ample time for the defendant to have notified his attorney of the day upon which the case was set for trial, and it cannot be said that the court abused its discretion in not continuing the case on

account of the absence of the defendant's attorney. When the case was called for trial, the court asked the defendant if he wanted him to appoint an attorney to represent him, and the defendant replied no.

This court has held that the constitutional guaranty of the right of the defendant in a criminal case to be heard in his own defense by himself and counsel is for the benefit of the accused, and that the accused may, at his option, decline to have counsel appointed to represent him, and conduct his own case. *Williams* v. *State,* 153 Ark. 289.

In a case-note to 17 A. L. R. 266, it is said that it is universally held that a defendant in a criminal case, who is *sui juris* and mentally competent, may conduct his defense in person, without the assistance of counsel. To the same effect see case-note to Ann. Cas. 1913-C, at p. 739. Numerous cases are cited in the notes to support the holding.

The defendant at the trial of the case cross-examined the witnesses who testified against him, and his cross-examination of the prosecuting witness at the examining trial has been set out above. It shows the defendant to be a man of intelligence, and to have appreciated the weight of the testimony given by the witnesses.

The officer who arrested the defendant testified that he found a mask in his pocket. The defendant does not at any time attempt to explain this fact, and the evidence for the State was abundantly sufficient to show his guilt.

We have carefully examined the record, and do not find any reversible error in it. It follows that the judgment will be affirmed.