DUGAN *v.* STATE.*

(Division A.   Dec. 10, 1928.)

[119 So. 298.   No. 27657.]

782

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, section 2077, p. 821, n. 23; 17CJ, section 3332, p. 60, n. 57; section 3343, p. 78, n. 49.

*W. A. Shipman, Ruth L. Waller,* and *Anderson & Anderson,* for appellant.

*Rufus Creekmore, Assistant Attorney-General,* for the state.

Argued orally by *W. A. Shipman* and *Mrs. Ruth L. Waller,* for appellant and *Rufus Creekmore,* Assistant Attorney-General, for the state.

SMITH, C. J. The appellant was convicted of robbery on evidence from which his guilt is manifest. He was not represented by counsel at the trial, but conducted his own defense in person. After the verdict was rendered, a motion for a new trial was made for him by counsel, setting forth a number of alleged errors that were committed on the trial. This motion was overruled, and the errors there complained of are here also as-

signed. There is no merit in any of the assignments of error, and, if there were, they could not be here considered, for the reason that no objection thereto was made, or exception thereto reserved, in the court below.

That the appellant was not represented by counsel is of no consequence, for the same rules of procedure apply in a case wherein a litigant prosecutes or defends his own case, as when he is represented therein by counsel.

The assignment of error most seriously pressed is that the appellant was denied an opportunity to obtain counsel. The ground on which this complaint rests was made to appear by the evidence introduced on the motion for a new trial, and was to the effect that the appellant, after his arrest, and for some time before his indictment and trial, was confined in jail and deprived of an opportunity to secure counsel.

No request was made by the appellant when his case was called for trial for time in which to employ counsel, and this alone would dispose of his complaint on that score. But, aside from that, it is clear from the evidence that no request was made by him for permission to communicate with and employ counsel and denied while he was in jail prior to his trial. While there, he conferred, certainly, with two, and probably with three, attorneys. It is true that these conferences were in the jail and within earshot of other prisoners, but no request was made by the appellants or the attorneys for a private conference.

It further appears that, after the first three or four days of his imprisonment, he was extended all the indulgences which the prison authorities customarily extend to prisoners, and that he did not request permission to further communicate with counsel.

*Affirmed.*