## BUCKNER v. HUDSPETH, Warden.
### No. 1771.

Circuit Court of Appeals, Tenth Circuit.
June 20, 1939.

John B. Dudley, Jr., of Oklahoma City, Okl., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Walker B. Buckner, hereinafter called petitioner, was charged by indictment con-taining four counts returned in the District Court of the United States for the Northern District of Georgia. The first count charged that petitioner, with intent to defraud the United States and for the purpose of obtaining money from the Treasurer of the United States, did falsely make, forge, and counterfeit a certain writing purporting to be signed by one A. Gyall and payable to R. G. Taylor and that such writing purported to be a check drawn upon the Treasurer of the United States for the payroll of the Coast and Geodetic Survey. The second count charged that petitioner, with intent to defraud the United States, did utter and publish the writing referred to in the first count as a true and genuine obligation of the United States. The third count charged that petitioner, with intent to defraud the United States, did make, forge, and counterfeit a similar check. The fourth count charged that petitioner, with intent to defraud the United States, did utter and publish the writing referred to in the third count as a genuine obligation of the United States.

Petitioner while incarcerated in the United States Penitentiary at Atlanta, Ga., was taken before Honorable Alexander Akerman, Judge of the United States District Court for the Southern District of Florida, who was sitting by assignment in the Northern District of Georgia. He entered a plea of guilty to the indictment and was sentenced to imprisonment for a term of ten years and to pay a fine of $1000.

Petitioner filed a petition for a writ of habeas corpus predicated on the alleged ground that he was denied the right to be represented by counsel. From a judgment denying the writ, petitioner has appealed.

Petitioner testified that while incarcerated in the penitentiary at Atlanta, Ga., he was taken to the office of government agent Broadnax in the post office building at Atlanta, Ga.; that he was then forty-five years of age; that he was questioned by Broadnax and Assistant United States Attorney Chastain in the presence of Pike; that he stated to them he was not guilty of the charges; that he was induced to sign a confession by the promise that he would receive a sentence of a year and a day to run concurrently with the sentence he was then serving; that he was then taken before Judge Akerman; that Chastain said, "Here is a man who wants to enter a plea of guilty," and Judge Akerman inquired,

"What is the offense?"; that Chastain said, "Counterfeiting government checks"; that the indictment was not read to him; that he was not informed of his right to counsel; that he did not request counsel; that he was sentenced to imprisonment for a term of ten years and to pay a fine of $1000; that he thereafter wrote a letter to Judge Akerman requesting leave to withdraw his plea, explaining that it had been entered under a misapprehension and that the request was not granted. On cross-examination he admitted that he uttered the checks, but denied that he forged them, and that he had been before courts on numerous prior occasions on criminal charges.

The deposition of George H. Broadnax, a government agent, was introduced. He testified that he investigated the violations with which petitioner was charged; that petitioner was brought from the penitentiary to his office in Atlanta; that after questioning, petitioner voluntarily admitted that he had been employed with the Geodetic Survey, had stolen several blank checks, had filled them out, and had cashed two of them in Atlanta; that his statement was reduced to writing in the form of an affidavit; that he was not threatened, abused, intimidated, or promised anything to induce him to make the statement; that the indictment was read to petitioner; that he entered a plea of guilty thereto, and that he did not request counsel either when he was being questioned or at the arraignment. His testimony was corroborated by Pike, a guard at the United States Penitentiary at Atlanta.

The deposition of Judge Akerman was introduced in evidence. He testified that petitioner was brought before him; that the indictment was read to petitioner and he entered a plea of guilty thereto; that he made inquiry of the District Attorney as to the facts surrounding the offenses and a government agent read a statement signed and sworn to by petitioner in which he freely admitted his guilt; that he was satisfied petitioner fully understood the nature of the charge against him; that he did not mention counsel to petitioner and petitioner did not ask to be represented by counsel. Judge Akerman's testimony was corroborated by the testimony of Jon Dean Steward, clerk of the court, and Harry Moses, chief clerk in the office of the United States Attorney.

The constitutional right of accused to have the assistance of counsel may be waived. The burden rested upon petitioner to establish that he did not competently and intelligently waive his constitutional right. The determination of whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances in each case, including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. Waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him.[1]

The pleadings and briefs which the petitioner filed in his own behalf in the proceeding below show he is a man of intelligence and education.

We are of the opinion the evidence clearly established that petitioner intelligently waived his right to be represented by counsel.

The judgment is affirmed.

---

[1] State v. White, 152 La. 614, 94 So. 135, 137;

Barnes v. Commonwealth, 92 Va. 794, 23 S.E. 784, 787;

State v. Raney, 63 N.J.L. 363, 43 A. 677;

Bordeau v. State, 125 Neb. 133, 249 N.W. 291;

Gatlin v. State, 17 Ga.App. 406, 87 S.E. 151, 152;

State v. Fowler, 59 Mont. 346, 196 P. 992, 995, 197 P. 847;

Phillips v. State, 162 Ark. 541, 258 S. W. 403, 406;

Dugan v. State, 151 Miss. 781, 119 So. 298;

State v. Yoes, 67 W.Va. 546, 68 S.E. 181, 140 Am.St.Rep. 978.