**McCoy v. HUDSPETH, Warden.**

No. 1923.

Circuit Court of Appeals, Tenth Circuit.

Oct. 13, 1939.

No appearance for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

On October 16, 1934, an indictment was returned in the United States District Court for the Western District of Texas charging Jack A. McCoy with the offense of extortion on a military reservation.[1] On November 26, 1934, McCoy was tried and found guilty of the charge. On December 17, 1934, he was sentenced to serve a term of two years in the United States Penitentiary at Leavenworth, Kansas, and to pay a fine of $2000. During the trial and at the time of sentence he was represented by counsel.

On January 29, 1935, an indictment containing seven counts was returned against McCoy and others in the United States District Court for the Western District of Texas. The first count charged them with transmitting threatening communications in interstate commerce with intent to extort money. The second, third, fourth, fifth, and sixth counts charged them with threats to publish libels concerning Charles P. Stivers, with intent to extort money, on the Fort Sam Houston Military Reservation. The seventh count charged them with conspiracy to violate 18 U.S.C.A. § 408d and Section 1301 of the Penal Code, R.Cr.S.1925, Texas, as adopted and put in force by Congress on military reservations by 18 U.S.C.A. § 468. McCoy en-

tered a plea of not guilty to the first count and pleas of guilty to the remaining counts of the second indictment. He was sentenced to terms of imprisonment as follows: Two years on the second count, to commence upon completion of the sentence imposed on the first indictment; two years on the third count, to commence upon completion of the sentence on the second count; two years on the fourth count, to commence upon completion of the sentence on the third count; and two years on the fifth, sixth, and seventh counts, to commence upon completion of the sentence on the fourth count.

McCoy filed a petition for a writ of habeas corpus predicated on the alleged ground that he was denied the assistance of counsel for his defense. From a judgment denying the writ, McCoy has appealed.

The constitutional right of accused to have the assistance of counsel may be waived. U.S.C.A.Const. Amend. 6. The burden rested upon McCoy to establish that he did not competently and intelligently waive his constitutional right. The determination of whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances in each case, including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 82 L.Ed. 1461; Buckner v. Hudspeth, 10 Cir., 105 F.2d 396. Waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him.[2]

The trial court found that McCoy freely, voluntarily, intelligently, and understandingly waived his right to the assistance of counsel at the time he pleaded guilty to counts two to seven, inclusive, of the second indictment, and that he was not denied the right to the assistance of counsel.

McCoy introduced at the trial below, a letter addressed to his attorney, in which

[1] See 18 U.S.C.A. § 468.

[2] State v. White, 152 La. 614, 94 So 135, 137;

Barnes v. Commonwealth, 92 Va. 794, 23 S.E. 784, 787;

State v. Raney, 63 N.J.L. 363, 43 A. 677;

Bordeau v. State, 125 Neb. 133, 249 N. W. 291;

Gatlin v. State, 17 Ga.App. 406, 87 S. E. 151, 152;

State v. Fowler, 59 Mont. 346, 196 P. 992, 995, 197 P. 847;

Phillips v. State, 162 Ark. 541, 258 S.W. 403, 406;

Dugan v. State, 151 Miss. 781, 119 So. 298;

State v. Yoes, 67 W.Va. 546, 68 S.E. 181, 140 Am.St.Rep. 978.

he stated that, at the time he pleaded guilty to counts two to seven, inclusive, of the second indictment, he was twenty years of age; that he did not know what his rights were and was afforded no advice or help. After the order was entered denying the writ, he filed a further statement in which he asserted that in March, 1935, he was taken from the United States Penitentiary to San Antonio, Texas; that on the day following his arrival at San Antonio a federal investigator asked him if he wanted to plead guilty to another charge of extortion; that he replied he had been convicted on the only charge of extortion of which he was guilty, but that if he should be advised by counsel that he could be sentenced twice for the same offense he would plead guilty; that the investigator then told him that the court before whom he would be taken would advise him and if he did not plead guilty the court would sentence him to twenty years; that he made requests to the investigator, to the United States Attorney, and to the United States District Judge who imposed the sentence that he be furnished with counsel, and that these requests were denied.

Respondent introduced the affidavit of Jake J. Reich, in which Reich stated that he represented McCoy during the trial and at the time of his sentence on the first indictment; that after the second indictment was returned McCoy's parents requested Reich to represent him in the second case; that he visited McCoy at the county jail and discussed the charges in the second indictment but McCoy stated he desired to plead guilty to the second indictment and that he did not think it was necessary to have counsel to represent him; that he offered to represent McCoy at the time of the plea of guilty and ask the court for leniency; that McCoy stated he had not paid him all of his fee in the first case and did not want to bother him any more, and that he was of the opinion that the court would be lenient.

Respondent introduced the affidavits of W. R. Smith, Jr., United States Attorney, H. W. Moursund, Assistant United States Attorney, and Ben F. Foster, Special Assistant to the Attorney General, in which they stated that McCoy was fully advised as to the charges in the second indictment, voluntarily pleaded guilty thereto, and did not make a request to them or any of them that he be afforded the assistance of counsel, and did not at the time of the arraign-ment and the pleas of guilty or at the time of sentence request the court to appoint counsel to represent him.

Respondent also introduced the affidavit of the United States District Judge who imposed the sentence stating that McCoy did not prior to nor during the arraignment, nor at the time of sentence, nor at any other time request the court to appoint counsel to represent him, nor indicate in any manner that he desired counsel to represent him, and that prior to imposing sentence he asked McCoy if there was any reason why the court should not impose sentence, and McCoy answered in the negative.

We are of the opinion that the evidence amply supports the findings of the trial court and that the writ was properly denied.

Affirmed.