**WILSON v. HUDSPETH, Warden.**

No. 1924.

Circuit Court of Appeals, Tenth Circuit.

Oct. 13, 1939.

W. V. Hodges, Jr., of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

Four indictments numbered 7857, 7859, 7865, and 7868 were returned against Clarence E. Wilson in the District Court of the United States for the Western District of Louisiana at its October, 1935 term. Indictments 7857, 7859, and 7868 charged Wilson with violations of 18 U.S.C.A. § 408. Indictment 7868 also charged a conspiracy. Indictment 7865 charged Wilson with unlawful escape from the custody of a Deputy United States Marshal in violation of 18 U.S.C.A. § 753h. Wilson entered pleas of guilty to each of the several indictments. He was sentenced to serve a term of five years imprisonment on indictment 7857 and five years imprisonment on indictment 7865, the sentences to run consecutively. He was sentenced to serve a term of five years on each of the remaining indictments and execution of the sentences was suspended and he was placed on probation.

Wilson filed a petition for a writ of habeas corpus in which he alleged that he was denied the assistance of counsel for his defense at the time the pleas of guilty were entered and the sentences imposed on indictments 7857 and 7865, and that the sentence in 7865 is void for the reason that it does not describe the offense charged.

The constitutional right of accused to have the assistance of counsel may be waived. U.S.C.A.Const. Amend. 6. The burden rested upon Wilson to establish that he did not competently and intelligently waive his constitutional right. The determination of whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances in each case including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 82 L.Ed. 1461; Buckner v. Hudspeth, 10 Cir., 105 F.2d 396. Waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him.[1]

The trial court found that Wilson voluntarily, intelligently, and understandingly entered his pleas of guilty to the several indictments; that at the time he entered his pleas of guilty he was informed by the court of the charges in the several indictments, and stated to the court that he understood the charges; that he had the advice of counsel prior to his arraignment, pleas, and sentence, and that he was not denied the assistance of counsel.

At the hearing below respondent introduced the affidavit of J. Fair Hardin, a special assistant United States Attorney,

---

1 See McCoy v. Hudspeth, 10 Cir., 106 F.2d 810, decided October 13, 1939, and cases there cited.

wherein Hardin stated that he was in charge of the prosecution on indictments 7857, 7859, 7865, and 7868; that Wilson employed George T. McSween, a duly licensed and practicing attorney, to represent him, and consulted with him respecting the charges; that while in custody Wilson escaped and was at large for several months; that he was apprehended and confined in the Caddo Parish Jail; that shortly thereafter he advised Hardin that he wished to plead guilty to three of the indictments pending against him; that Wilson fully understood the charges in such indictments, having discussed them fully and freely with Hardin; that upon receiving advice from Wilson that he desired to plead guilty to three of the indictments he notified McSween, Wilson's counsel, of that fact and McSween stated it was agreeable with him if Wilson desired to plead guilty; that Wilson was thereupon arraigned and pleaded guilty to indictments 7857, 7859, and 7865, and pleaded not guilty to indictment 7868; that three days later Wilson advised Hardin that he wished to change his plea to indictment 7868 from not guilty to guilty; that he was brought back in open court and entered a plea of guilty to indictment 7868; that at the time of the arraignment Honorable Ben C. Dawkins, United States District Judge, asked Wilson if he understood the charges against him and if he wished to plead guilty and that Wilson stated that he did; that Wilson at no time requested the assistance of counsel and at no time was denied the assistance of counsel; that Wilson is a man of intelligence and a fairly good education; that he was familiar with court procedure, having been tried on two previous criminal charges; that he had the advice of counsel while the cases were pending against him; and that his counsel was aware of every step taken, and that Wilson's pleas of guilty were entered freely, voluntarily, and understandingly.

Respondent also introduced the affidavit of Judge Dawkins in which he stated that at the time of the arraignment he asked Wilson if he understood the charges against him and that Wilson answered in the affirmative; that Wilson had consulted with counsel with respect to the charges against him; that he had had previous experience in other criminal cases, and he was certain Wilson understood the charges, and freely and voluntarily entered his pleas of guilty thereto.

We are of the opinion that the evidence supports the findings of the trial court.

■ The challenge to the sufficiency of the indictment in 7865 is without merit. Count one of that indictment upon which Wilson was sentenced charged that Wilson was in the custody of A. Collins, a Deputy United States Marshal, pursuant to lawful arrest under the laws of the United States under a warrant and commitment issued by a United States Commissioner for the United States District Court for the Western District of Louisiana upon a charge of felony, and that Wilson knowingly, wilfully, unlawfully, and feloniously escaped from the custody of such Deputy United States Marshal. 18 U.S.C.A. § 753h provides that any person, who is in custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or who is in custody of an officer of the United States pursuant to lawful arrest, who escapes or attempts to escape from such custody shall be guilty of an offense. Count one of such indictment charged the offense defined in Section 753h, supra, substantially in the language of the statute and with sufficient certainty to advise Wilson the nature of the specific charge against him and to enable him to prepare his defense and plead the judgment in bar to another prosecution for the same offense. It was clearly sufficient.[2]

Affirmed.

---

[2] Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314;

Arnold v. United States, 10 Cir., 94 F. 2d 499, 500;

Foster v. United States, 10 Cir., 76 F. 2d 183, 184.