**SEDORKO v. HUDSPETH, Warden.**

No. 1943.

Circuit Court of Appeals, Tenth Circuit.

Jan. 15, 1940.

Paul P. Eagleton, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kans., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal by John Sedorko, herein called the petitioner, from an order denying a petition for writ of habeas corpus.

An indictment in two counts was returned against petitioner in the United States District Court for the Middle District of Pennsylvania. In the first count, petitioner was charged with the robbery of a national bank. In the second count, he was charged with assault on two officers of the bank and with putting their lives in jeopardy while robbing such bank, in violation of the Act of May 18, 1934, 12 U.S. C.A. 588b (a) (b). Petitioner entered a plea of guilty and was sentenced to five years in the penitentiary on the first count and to fifteen years on the second count. The sentence on the first count was suspended. He is being detained by the respondent under a commitment issued upon such sentence.

The petition for the writ alleges that petitioner was denied his constitutional rights, namely, of being represented by counsel, and that his immunity to self-incrimination was violated by using a confession obtained from him while under moral and physical compulsion.

The affidavits of the trial judge, the United States attorney, and the special agents for the Department of Justice, introduced at the trial, show that the petitioner was taken before the court; that the charges were explained to him; and that he entered a plea of guilty; that two days later he was again taken before the court for sentence; that he was given an opportunity by the court to be heard in his own behalf; that on neither occasion did he expressly say or intimate that he desired benefit of counsel. The trial judge in his affidavit specifically states that he definitely believed that petitioner understood fully the nature of the charges in the indictment. The affidavit of the District Attorney states that after petitioner was fully informed of the charges contained in the indictment, he was arraigned before the court and entered his plea of guilty; that neither at the time he entered his plea nor when the court sentenced him did petitioner ask for the appointment of counsel; that at the time of sentence the facts were fully inquired into by the court, and petitioner was given the opportunity to make any statement he desired in connection therewith; that he voluntarily entered his plea of guilty and fully understood the nature of the charges contained in the indictment; that he was not forced or intimidated into pleading guilty.

476

The constitutional right to have counsel may be waived, providing it is done voluntarily, intelligently, and understandingly, and the burden is upon him who seeks release from incarceration, on the ground that he did not have benefit of counsel, to establish that his constitutional rights in that respect were invaded. Zahn v. Hudspeth, 10 Cir., 102 F.2d 759; Nivens v. Hudspeth, 10 Cir., 105 F.2d 756; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Buckner v. Hudspeth, 10 Cir., 105 F.2d 396. The waiver of the right to be represented by counsel will ordinarily be implied where an accused appears without an attorney and fails to request that counsel be assigned to him. Buckner v. Hudspeth, 10 Cir., 105 F.2d 396; McCoy v. Hudspeth, 10 Cir., 106 F. 2d 810; Wilson v. Hudspeth, 10 Cir., 106 F.2d 812; Cundiff v. Nicholson, 4 Cir., 107 F.2d 162.

The finding of the trial court that petitioner voluntarily, freely, competently, understandingly and in an intelligent manner waived his right to the assistance of counsel is supported by substantial evidence.

Petitioner further complains that his immunity to self-incrimination was violated by securing from him a written confession. He charges in his petition for the writ that he was coerced into the signing of this confession and that it was secured from him under moral and physical compulsion. It is expressly stated in two separate affidavits of the special agents of the Department of Justice, who obtained the confession, that petitioner was advised in advance that he did not have to furnish any information concerning the robbery or the loot or its disposition, and that if he did, such information might be used against him in the court proceedings; that at the time of the securing of the information petitioner advised the agents that he did not desire to be represented by counsel; that he intended to plead guilty to the charge of robbery, and requested that the matter be disposed of as quickly as possible; that before any questions were asked of petitioner he was specifically advised of his rights under the Constitution to refuse to make any answers which might incriminate him; that he was properly treated at all times; that he was *not* subjected to any physical, mental or other kinds of abuses, coercion or intimidation; that at the time the confession

was secured he was fully advised of all of his rights, including the right to counsel.

The finding of the trial court that petitioner voluntarily signed the confession is amply sustained.

The judgment of the trial court is affirmed.