### LEONARD v. HUDSPETH, Warden.
### No. 2060.

Circuit Court of Appeals, Tenth Circuit.
May 16, 1940.

---

Albert E. Zarlengo, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Harry S. Leonard, herein called the petitioner, together with Joseph D. Horton, Grady F. Hester, alias Brady Hester, and Jack Hilton, were charged by indictment No. 20634 in three counts returned in the District Court of the United States for the Eastern Division of the Eastern Judicial District of Missouri, with violating the currency and coinage laws of the United States, 18 U.S.C.A. §§ 262, 265; 18 U.S.C.A. § 88. Count 1 charged the defendants with forging and counterfeiting sixteen five dollar denomination United States treasury notes with intent to defraud. Count 2 charged the defendants with having in their possession certain falsely made, forged and counterfeit obligations of the United States with intent to defraud; and count 3 charged them with conspiring, combining, confederating and agreeing among themselves and with each other to commit offenses against the United States; that is, to violate the coinage and currency laws of the United States by forging, counterfeiting and possessing falsely forged and counterfeited obligations and securities of the United States. Petitioner was also charged in a separate indictment, No. 20633, in the same court, with passing, uttering, publishing and selling to one Jack Hilton sixteen forged and counterfeited five dollar United States treasury notes.

On June 27, 1938, petitioner pleaded guilty to all of the counts in indictment No. 20634 and also to the charge in indictment No. 20633. He was sentenced to a term of ten years' imprisonment on each of the three counts in indictment No. 20634 and to pay a fine of $1,000. In case No. 20633 petitioner was sentenced to a term of ten years, and to pay a fine of $1,000. The sentences on all counts of both indictments were made to run concurrently. Petitioner is being detained by the respondent under a commitment issued upon the sentences.

Petitioner filed his petition for writ of habeas corpus based upon the alleged grounds: First, that indictment No. 20633 is void because it charged petitioner with passing counterfeit notes to Jack Hilton, who is shown in the separate indictment to have already been in possession of the notes; second, that count 1 of indictment No. 20634 is void, because it charged the manufacture of certain specified counterfeit notes which were obviously produced with the aid of photographic negatives, elsewhere shown in the indictment to have been manufactured five days after the notes were made; third, that count 2 of indictment No. 20634 is void because it charged possession of certain specified counterfeit notes which could not have been in existence on a date prior to the manufacture of photographic negatives for their production; fourth, that count 3 of indictment No. 20634 contained errors, indicating that it was intended to be a repetition of the charge contained in indictment No. 20633; and fifth, petitioner contends that all the sentences imposed were void because he was denied his constitu-

tional right of being represented by counsel.

The scope of inquiry in a habeas corpus proceeding is limited. It may not be used as a substitute for an appeal to correct errors occurring at the time of trial. It concerns itself solely with jurisdiction of the subject matter, or of the person of the defendant, or with the preservation of constitutional guarantees to those accused of crime. Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455; Reger v. Hudspeth, 10 Cir., 103 F.2d 825; Buckner v. Hudspeth, 10 Cir., 105 F.2d 396.

None of the assaults upon the various counts of the information go to the jurisdiction of the court over the subject matter, or of the person, nor do they concern themselves with any constitutional guarantee afforded accused by the constitution of the United States. They all pertain to alleged defects in the indictments, evidentiary in character, and concern themselves with the proof required to establish the offenses charged in the different counts.

Lack of evidence to sustain a charge, errors occurring at the trial, defects in the information, and all other matters falling short of an attack on the court's jurisdiction may not be challenged by habeas corpus proceedings. All such matters must be raised by appeal. Schultz v. Zerbst, 10 Cir., 73 F.2d 668; Moore v. Aderhold, 10 Cir., 108 F.2d 729; Garrison v. Hudspeth, 10 Cir., 108 F.2d 733.

The fifth assignment of error charges that the sentences imposed were void because petitioner was denied his constitutional right of being represented by counsel. It has been held, without exception, that an accused may waive his constitutional right to be represented by counsel providing it is done voluntarily, intelligently and understandingly, and the burden is upon him who seeks release from incarceration on this ground to establish that his constitutional right in this respect was invaded. Zahn v. Hudspeth, 10 Cir., 102 F. 2d 759; Buckner v. Hudspeth, supra; Sedorko v. Hudspeth, 10 Cir., 109 F.2d 475.

The trial court found that at the time petitioner entered his plea of guilty, he was informed of the charges contained in the indictments by Herbert H. Freer, Assistant United States Attorney, and that petitioner freely, voluntarily and intelligently waived his right to assistance of counsel in both cases.

Petitioner introduced at the trial below his affidavit in which he stated, in substance, that he signed a confession of guilt and entered a plea of guilty before the United States Commissioner in Kansas City, Missouri, on June 14, 1938; that he did this chiefly because of implied threats of violence; that he presented to Mr. Carl Dickson, a member of the United States Secret Service Department, all the facts in his possession concerning the crime; that he was informed by Mr. Dickson that he would not be permitted at government expense to consult an attorney, since his signed confession constituted a legal waiver of such rights; that he was informed that since he had already entered a plea of guilty to the United States Commissioner he would not be permitted by the trial court to change such plea; that he did not doubt Mr. Dickson's statements; that he requested that he be permitted an interview with the prosecuting attorney in order that he might attempt to make some arrangement by which his side of the story could be brought to the attention of the trial court; that Mr. Dickson promised the interview; but petitioner doubts if he ever made any effort to secure one; that petitioner's recollection as to what took place at the trial is hazy due to the fact that he was badly frightened; that the prosecuting attorney did not make any explanation concerning indictments or anything else; that the trial judge asked to view the evidence, but that Mr. Dickson could not be found to present the evidence; that the judge asked petitioner if he had anything to say before judgment should be passed upon him, but that his thoughts were very much confused at this point; that he made no statement at the time for the simple reason that he did not know what to say under the circumstances, and that he did not protest his innocence after sentence had been pronounced because he had no funds with which to employ an attorney and had already been told that he could not consult an attorney at government expense.

Respondent introduced the affidavit of the Assistant United States Attorney, Herbert H. Freer, in which he stated that petitioner had, as he was informed, expressed a desire to enter a plea of guilty; that he was thereupon brought into court and was asked to stand before the bar; that he informed petitioner of the charges with

which he then stood charged as set forth in each of the indictments and each count thereof; that petitioner made no request for the appointment of counsel, but upon being fully advised as to the nature of the charges and being asked how he desired to plead, stated in open court that it was his desire to enter a plea of guilty to each of the counts in the indictment; that thereupon he, the Assistant United States District Attorney, made an oral statement to the court of all the facts and details in connection with the commission of the offenses as set forth in the indictments; that at the conclusion thereof the court asked petitioner whether he desired to make any statement or offer any reason why sentence should not be pronounced upon him; that petitioner made no statement, whereupon sentence was pronounced; that at no time did petitioner make any request or suggest that he wanted counsel to represent him. Respondent also introduced the affidavit of Carl Dickson, United States Agent, in which affiant stated that he was not in the court room at the time petitioner pleaded guilty; that he did talk to petitioner thereafter; that petitioner made no complaint whatever with reference to not having had the opportunity of consulting an attorney. Dickson in his affidavit denied telling petitioner that he had no right to counsel at government expense and that he would have advised him that he had such a right, had he been asked.

A careful perusal of the record establishes that the findings of the court are amply sustained. There is a complete absence of any circumstances from which it can be inferred that petitioner was denied his constitutional right to be represented by counsel.

The judgment of the trial court is affirmed.